By the Chancellor.
The defendant, who was a magistrate, was sued by the plaintiff for false imprisonment, for causing her to be arrested upon two warrants and brought before him to find sureties to keep the peace ; and for committing her to jail, upon her refusal to give such security.
It is insisted on the part of the plaintiff in error, that the whole proceedings against her were illegal and unauthorized, because there was not a complaint in writing and upon oath, made to the magistrate, before he proceeded to examine the prosecutor on oath, and to reduce such examination to writing. The legislature, for some reason which is unexplained, has directed a different mode of instituting the proceedings before the magistrate, where the object of the prosecutor is to obtain surety of the peace, to prevent the commission of a crime, from that which is prescribed when an offence has already been committed. In the first case, the complaint is directed to be made to the magistrate in writing and upon oath; and then he is to examine the prosecutor, and his witnesses if he has any, on oath, and to reduce such examinations to writing, and cause them to be subscribed by the parties examined. 2 R. S. 704, § 2. But where the complaint is, that a crime has actually been committed, it may be made verbally to the magistrate, who is to examine the complainant and his witnesses on oath. But such examinations are not directed to be taken down in writing and subscribed by the examinants, as is required in the other case. Id. 706, § 2. ' As there is no direction to examine the prosecutor and his witnesses, [ *640 ] in the presence' *of the party proceeded against, upon the return of the warrant for surety of the peace, to prevent the commission of a crime, the complaint itself, in such cases which is required to be in writing and upon oath, is intended to be a separate and distinct proceeding from the examination of the complainant, for the purpose of ascertaining whether that written complaint is well founded. If I am right in this, it is evident that the magistrate had no jurisdiction to administer an oath to the complainant, or to his witnesses, for the purpose of ascertaining whether there was reason to fear the commission of the anticipated offence, before such a complaint in writing had been made ; and of course the complaint, and the subsequent examination of the complainant, could not properly be contained in the same paper.
This case, however, does not appear to depend upon that question, for both the warrants for the arrest of Mrs, Bradstreet state the fact that Staring had made a complaint in writing and upon oath to the magistrate, of the threats *640 to commit a breach of the peace; and in the absence of any thing to show that such recital is untrue, it must be considered as presumptive evidence of the fact that such complaints had in fact been made.
Questions have frequently arisen how far the recitals of jurisdictional facts, in the proceedings of magistrates and of inferior tribunals, are evidence to sustain the jurisdiction ; and it is impossible to reconcile the many conflicting decisions on this subject. See Cowen & Hill’s Notes to Phil. Ev. p. 987, n. 694. I think, however, I may safely say, from the general examination I have made of the cases, that a recital of a fact of this kind, in a warrant for the arrest of a party, where the magistrate would be guilty of a breach of his official oath, if the recital was intentionally false, is presumptive evidence of the truth of such recital; and that it lies upon the party denying the jurisdiction which depends on that fact, to show that the recital is false. In Vosburgh v. Welch, 11 Johns. R. 175, where the attachment recited that satisfactory proof had been given to the justice, the plaintiff himself considered it necessary to disprove such allegation. He accordingly showed by *the admission of the defendant, [ *641 ] that the process had been issued without oath. So in the case of Wallsworth v. McCullough, 10 id. 97, where the warrant against the putative father stated that a complaint had been made by the overseers of the poor, the plaintiff himself called the overseers and proved by them that they did not make the complaint as stated in the warrant; and he thereby established the fact in opposition to the prima facie evidence of the warrant itself, that it was issued by the defendant without having any jurisdiction to grant it. So in Bigelow v. Sterns, 19 id. 39, the record of the conviction considered by both parties as prima facie evidence of the jurisdictional facts stated therein ; and the question presented for the consideration of the court was, whether the party convicted should be permitted to disprove the existence of those facts, for the purpose of showing that the magistrate had no jurisdiction to convict him, because he had not been arrested and brought before the magistrate as stated in the record of conviction.
The warrants themselves, in the present case, being prima facie evidence of a complaint in writing and upon oath, and it appearing by the examinations produced in evidence that the justice had examined the complaint on oath and reduced such examinations to writing, and caused them to be subscribed by the examinant, the arrests upon these warrants were fully justified ; and when the plaintiff was brought before the magistrate upon the warrant of the eighth of July, and refused to find sureties to appear at the next court of general sessions and to keep the peace, as required by him, pursuant to the directions of the statute, he had jurisdiction to make a mittimus to commit her to jail until she should find such sureties.
The only remaining question then is whether the warrant of commitment ' was in conformity with the directions of the statute. By the common law a *641 warrant of commitment for an offence must upon its face show the cause of commitment, and the nature of the offence charged ; so far at least as to show that the same was within the jurisdiction of the committing [ *642 ] officer. Where the commitment is *not for an actual offence but merely to obtain security against an apprehended offence, the warrant must, upon its face, show the cause of committal ; that is, the direction of the magistrate that the party should find surety, and the neglect of such party to do so. Atkinson v. Carty, 1 Jebb & Syme’s R. Q. B. Irel. 369. This is in accordance with the provision of the revised statutes on this subject, which directs the warrant to specify the cause of commitment and the sum in which security was required to be given. 2 R. S. 704, § 5. I think the learned chief justice was right, however, in the conclusion at which he arrived in the present case, that the cause of commitment was not the offence of assaulting the prosecutor Staring, or of threatening to blow his brains out with a pistol pointed at another part of his person than that in which the brain is usually located ; but it was the refusal of Mrs. Bradstreet to find sureties against future anticipated breaches of the peace, after she had been required by the magistrate to do so. As that cause of commitment was fully stated in the warrant, or mittimus, it was a substantial compliance with the statute ; and afforded a sufficient defence to this action for false imprisonment.
Eor these reasons I conclude that the judgment of the supreme court was not erroneous ; and that it ought to be affirmed.
The judgment of the supreme court was accordingly abeirmed ; nineteen members of the court voting for an affirmance, and two for a reversal.