Russell *vs.* Hubbard.

A warrant of commitment, issued by a justice of the peace, upon a conviction for petit larceny, is void, unless it be directed to the officer, or class of officers, by whom it is to be executed; and will afford no protection to a constable who executes it.

The legislature, by the section of the statute relative to warrants of commitment, issued by courts of special sessions, did not intend to prescribe a form for such warrants, or to vary the common law rule respecting them. Hence a warrant which would be good at common law, will be valid under the statute.

Demurrer to plea. The facts are sufficiently stated in the opinion of the court.

*S. H. Stafford & T. Jenkins,* for the plaintiff.

*F. Kernan,* for the defendant.

*By the Court,* Allen, J. This is an action for assault and battery and false imprisonment, in which the defendant justifies by plea, as a constable under a warrant of commitment, issued by a justice of the peace of the county of Oneida, upon a conviction of the plaintiff for the offense of petit larceny. The

defendant, in his plea, has set out the warrant in *hæc verba.* It is not directed to any officer, or class of officers, or to any other person ; and the plaintiff has demurred to the plea ; assigning the want of a direction in the warrant as one of the causes of demurrer.

The statute (2 *R. S.* 716, § 31) provides that the judgment of every court of special sessions shall be executed by the sheriff, constables or marshals of the county, or city and county in which the conviction shall be had, by virtue of a warrant under the hand of the magistrates who held the court, or of a majority of them, *to be directed to such officers, or to such of them as may be necessary,* and specifying the particulars of such judgment."

If this statute does, as was urged by the counsel for the plaintiff, prescribe a form for a warrant of commitment, then every such warrant must substantially conform to the statute, (*Davison* v. *Gill,* 1 *East,* 64 ; *Goss* v. *Jackson,* 3 *Esp. Rep.* 198,) and the want of a direction, if such direction forms a part of the prescribed form, is a valid objection to the warrant now before us. But I am of the opinion that by the statute referred to, the legislature did not intend to prescribe, and have not prescribed, a form of a warrant to be issued by magistrates upon conviction by courts of special sessions. The object of the statute was two fold. 1. To require warrants, upon convictions of this character, to be executed by certain officers, and to authorize them to be executed by sheriffs as well as constables, and to prohibit their direction to, or execution by, private individuals, at the discretion of the magistrate ; (1 *Chit. Cr. L.* 38 ; *Rex* v. *Kendal,* 1 *Ld. Raym.* 66 ; 1 *Salk.* 347 ;) and 2dly. To make a statement of the judgment in the warrant sufficient, without showing upon its face the particular circumstances giving the court jurisdiction, as was required at common law. (*Bradstreet* v. *Ferguson,* 23 *Wend.* 638.) It is not necessary to hold that a form for a warrant is precribed, which must be substantially followed, in order to give the statute full force and effect. A warrant upon a conviction by a court of special sessions, which would be good at common law, and which did not contravene

the statute, would, I think, be good under the statute. It did not intend to vary the common law, by making a mere formal warrant necessary to protect officers acting under it. If the common law does not call for a direction to every warrant, as requisite to its validity, I think we can safely hold that the statute in that respect, is directory merely, and that the warrant in this case is valid, without a direction. (*Pond* v. *Negus*, 3 *Mass. Rep.* 232. *People* v. *Allen*, 6 *Wend.* 486. *Same* v. *Peck*, 11 *Id.* 604. *Marchant* v. *Langworthy*, 6 *Hill*, 646. *Ex parte Heath, et al.* 3 *Id.* 42. *Gale* v. *Mead*, 2 *Denio*, 232. *King* v. *Leicester*, 7. *B. & C.* 6.) But I am of the opinion that a warrant is defective without a direction, and that the statute, in speaking of the direction, recognizes and adopts the requirements of the common law. Although the statute provides that the judgment of a court of special sessions shall be executed by certain officers, still they derive their authority from the warrant issued by the magistrates. That alone authorizes them to do an act which, without it, they would have no right to do. The act is lawful with the authority, which without it would be unlawful. A constable can not, because he is constable, and because a court of competent jurisdiction, and whose process he may lawfully execute, has pronounced a judgment upon which a person may be imprisoned, take him in execution, without further authority. This being so, I can see no reason why the person who is authorized to do the act, should not be pointed out by the instrument under which he derives his authority ; especially where there are several classes of officers, to either of which, or to any individual of either, the magistrate may direct the authority to perform the duty. The elementary works, in speaking of the form and requirements of a warrant, all speak of the direction as an essential and material part of it. (1 *Chit. Cr. L.* 38.) It must be executed by the person to whom it is directed. (*Id.* 48. *Housin* v. *Barrow*, 6 *T. R.* 122.) Russell, in his treatise on crimes, &c. page, 618, says, " every warrant ought to specify the offense charged, the authority under which the arrest is to be

made, the person *who is to execute it,* and the person to be ar-
rested." (*And see Conk. Tr.* 400.)

Barbour, in his criminal treatise, says, "the warrant must be
properly directed." And again: "a warrant not directed to any
particular person or officer is bad ;" and to the latter proposition
he cites Addison's Pennsylvania Reports, 376. (*See also Reg.*
v. *Wyatt,* 2 *Ld. Raym.* 1189 ; 15 *Pet. Abr.* 358 ; *Bac. Abr. Con-*
*stables, D.*) In *King* v. *Weir,* (1 *B. & C.* 288,) Bailey, J. says,
" It is of great consequence that magistrates should be careful to
direct their warrants in such a manner that the parties to be affect-
ed by them may know that the persons bearing the warrants
are authorized to execute them." " A magistrate has power to
direct his warrant to a particular person by name, and then the
latter has an authority coextensive with that of him who con-
fers it. But a warrant may also be directed to a person not by
his name as an individual, but by the description of his official
character ; and such direction may be limited to the officer of
a single parish, or may extend to all the officers of the county."
(6 *Pet. Abr.* 132, 133.) All tending to show the importance of
the direction as the part of the process from which the particu-
lar individual executing it derives his authority. The officer
derives his authority from the warrant alone. So long as the
warrant is not directed it is but a recital of the conviction and
judgment, and is not valid as a process. The direction gives it
vitality and existence as a warrant. A delivery to a proper
officer is not the direction required by law. The direction, like
every other part of the warrant, must be in writing.

Hawkins, in prescribing the form and requisites of a valid
warrant, assumes that the direction is a material and essential
part of it, and says, " seventhly, that it may be directed to the
sheriff, bailiff, constable, or any indifferent person by name, who
is no officer ;" and in treating of the manner of its execution,
he says, " Secondly. That the sheriff having such warrant
*directed to him,* may authorize others to execute it, but that
every other person *to whom it is directed* must personally exe-
cute it. . Thirdly, that if a warrant is generally directed to all
constables, no one can execute it out of his own precinct ; but

O'Maley *v.* Reess.

if it is directed to a particular constable by name, he may execute it any where within the jurisdiction of the justice." (2 *Haw. P. C.* 135. 1 *Hale,* 581. 2 *Id.* 110. *Ld. Raym.* 546, *per Holt. C. J.*) The direction enters into and forms a part of the definition of warrants. ( *Webs. Dic. Jacob's Law Dic. Bouv. Law Dic. title Warrant, and authorities cited.*)(*a*)

Sir William Blackstone, in speaking of warrants to arrest for crime, says, " this warrant ought to be under the hand and seal of the justice, should set forth the time and place of making and the cause for which it is made, and should be directed to the constable or other peace officer, (or it may be to any private person by name,) requiring him," &c. (4 *Bl. Com.* 290.

The process under which the defendant attempts to justify in this case, is fatally defective for the want of a direction ; and for that reason, judgment must be given for the plaintiff on the demurrer.

Judgment for the plaintiff.

(*a*) See also *Holthouse's Law Dict. tit. Warrant.*

----

LIVINGSTON GENERAL TERM, July, 1849. *Maynard, Welles, and Selden,* Justices.