SUPERIOR COURT OF BUFFALO.    June General Term, 1856.    *Verplank,*
*Masten* and *Clinton,* Justices.

## THE PEOPLE *v.* EDWIN W. WESTON.

In an indictment against a constable for not executing a warrant delivered to him against a person charged with crime, it is necessary to show by averments that the justice who issued the warrant had jurisdiction.

It is not sufficient that the warrant set forth in the indictment recites all the facts necessary to confer the authority to issue it. It must be alleged in the indictment that those facts are true.

In pleading the judgments and proceedings of inferior courts of special and limited jurisdiction, a general averment of jurisdiction is not sufficient, but the facts on which it depends should be averred.

THIS was an appeal from a judgment of the Criminal Term overruling a demurrer to an indictment.

The pleadings were as follows:

*State of New York, County of Erie, ss:*

The Jurors of the People of the State of New York, in and for the body of the county of Erie aforesaid, upon their oaths, present:

That heretofore, to wit, on the thirty-first day of December, in the year 1855, at the city of Buffalo, in the county of Erie, Joseph Johnson, a justice of the county of Erie, issued his warrant under his hand, directed to any constable of the said county, which said warrant was to the effect following:

" *Erie County, ss:*

To any constable of the said county, *Greeting:*

Whereas, Martin H. Woodward has made complaint upon oath before me, Joseph Johnson, one of the justices of the peace of said county, that on the 31st day of December, 1855, certain personal property of the said Martin H. Woodward, to wit: one cutter of the value of ten dollars or upwards, was stolen and feloniously taken from his possession in the city of Buffalo, in the said county, and that he suspects that Wm.

Pratt did steal and take the same aforesaid. Therefore, the People of the State of New York command you forthwith to apprehend the said Wm. Pratt, and bring him before me at my office in West Seneca, to be dealt with according to law.

Given under my hand at West Seneca, this 31st day of December, 1855.

JOSEPH JOHNSON, *Justice of the Peace.*

A more particular description of which said warrant is to the jurors aforesaid unknown, by reason of the same being lost, and delivered the same then and there to one Edwin W. Weston, a civil constable of the thirteenth ward of said city, to be by him executed; and thereupon it became the duty of the said Edwin W. Weston, he then and there having said warrant, as such constable as aforesaid, to arrest the said Wm. Pratt, by virtue of the warrant aforesaid, and carry him before the said Joseph Johnson, such justice of the peace as aforesaid, to be dealt with according to law; and that the said Edwin W. Weston, being then and there such constable, unlawfully and *corruptly* neglected his duty in that behalf, then and there unlawfully, willfully and corruptly, did refuse then and there to arrest and take the body of said Wm. Pratt, and carry him before said justice of the peace as aforesaid, as in said warrant commanded and as required by the law of the land, against the statute in such case made and provided, and against the People of the State of New York and their dignity.

ALBERT SAWIN, *District Attorney.*

SUPERIOR COURT.

|  |
| --- |
| The People |
| *agst.* |
| Edwin W. Weston. |

And the said Weston, in his own proper person, comes into court here, and having heard the indictment read, says: That the said indictment, and the matters therein contained, in manner and form as the same are above stated and set forth, are not sufficient in law, and that the said Weston is not bound by

the law of the land to answer the same, and this he is ready to verify. Wherefore, for want of a sufficient indictment in this behalf, said Weston prays judgment, and that by the court he may be dismissed and discharged from the premises in said indictment specified.

And Albert Sawin, who prosecutes for the said State in this behalf, says: That the said indictment, and the matters therein contained, in manner and form as the same are therein contained and set forth, are sufficient in law to compel the said Weston to answer the same; and this said Albert Sawin, who prosecutes as aforesaid, is ready to verify and prove the same as the court herein shall direct and award.

Wherefore, inasmuch as the said Weston hath not answered to the said indictment, nor hitherto in any manner denied the same, the said Albert Sawin, for the said State, prays judgment, and that the said Weston may be convicted of the premises in the indictment specified.

*George .W. Houghton,* for the defendant.

The indictment is defective in not averring facts to give the justice jurisdiction to issue the warrant. It should have alleged that a complaint was made, an examination had, and that the justice was satisfied, &c. (2 *R. S.,* 706, §§ 2, 3.) If the justice had no jurisdiction to issue the warrant, the constable was not bound to execute it. (7 *Hill,* 538; 3 *Seld.,* 199; 15 *Barb.,* 153.)

The jurisdiction of a court of special and limited authority is not to be presumed. It must be averred and proved. (5 *Hill,* 39, 44; 4 *Seld.,* 254; 3 *Man. & Grang.,* 384; 42 *Eng. Com. L.,* 206; 1 *Comst.,* 40; 18 *Barb. R.,* 260.) It is error to suppose that justices of the peace have any other jurisdiction in criminal matters except that conferred by statute. (*Salkeld,* 406; 5 *Bac. Abr.,* 395, *Burns' Justice.*)

The offence is not charged in the indictment in the words of the statute, and therefore it must be considered as charging only a common law offence; in which case it is defective in

The People *v.* Weston.

not charging an intent to prevent the course of law and justice. (15 *Wend.*, 277.)

*A. Sawin* (District Attorney), for the People.

*By the Court*, CLINTON, J. The first objection to the indictment is, that it does not show that the justice of the peace who issued the warrant had jurisdiction to do so. The warrant which, it is claimed, recites the facts necessary to confer the power to issue it, is set forth in full. In *Bradstreet* v. *Ferguson* (23 *Wend.*, 638), which was an action of trespass against a magistrate for issuing a warrant for the plaintiff's arrest, under the act for the prevention of crime, the Court for the Correction of Errors held that a formal complaint in writing and upon oath was necessary to confer jurisdiction, but that the recitals in the warrant were *prima facie* proof of such complaint. In the words of Chancellor Walworth, delivering the opinion of the court: "A recital of a fact of this kind, in a warrant for the arrest of a party, when the magistrate would be guilty of a breach of his official oath if the recital was intentionally false, is presumptive evidence of the truth of such recital, and it lies upon the party denying the jurisdiction which depends on that fact, to show that the recital is false." This decision disposes of the mere question of evidence, but does not necessarily reach that of pleading. Assuming that the warrant recites all the facts necessary to confer the authority to issue it, the indictment does not aver those facts, but merely shows that the magistrate set them forth in the warrant as true. The People did not in their bill allege that they were true, nor has the grand jury, by finding the bill to be true, found that the magistrate had jurisdiction to issue this warrant.

Upon this question of pleading, I have no doubt. It is clear that in pleading the judgments or proceedings of inferior courts of special and limited jurisdiction, and of magistrates and officers acting under a statute or special authority, jurisdiction must be averred, and the only query has been whether it was sufficient to aver it in general terms; and that has been settled

for many years in this State. A general averment of jurisdic
tion is not sufficient, but the facts upon which it depends must
be averred. (*Turner* v. *Roby*, 3 *Comst.*, 193.)

Justices of the peace were first instituted by 1 *Edw.*, 3, *ch.*
16. Before that there were conservators of the peace of two
kinds : first, those who, by virtue of their office, had power to
keep the peace, but were known only by their names of office ;
and, second, those who were constituted for that purpose only,
and were simply called by the name of conservators or war-
dens of the peace. (*Bac. Abr.*) In *Yarrington's* case (*Salk.*,
406), it was said : "Their power is created by act of parlia-
ment within the time of memory ; and they have no other
authority than what is thereby given them." That they have
no common law authority, has been repeatedly, and, I believe,
uniformly held to be the law of this State. (*Way* v. *Carey*, 1
*Caines*, 191 ; *Wells* v. *Newkirk*, 1 *Johns. C.*, 20 ; *Bigelow* v.
*Stearns*, 19 *Johns.*, 39.) This being so, it was necessary, in
order to charge the defendant with a duty, as constable, to exe-
cute the warrant, to aver the facts which, and which alone,
could confer authority upon the justice of the peace to issue it—
that is, that a complaint was made before him, on oath, that
the criminal offence had been committed, that he examined the
complainant on oath, and found that there was cause to sus-
pect the person named in the warrant as suspected of its com-
mission, and therefore issued it. (2 *R. S.*, *3d ed.*, 793, §§ 2, 3.)
If there were no such complaint, the magistrate had no juris-
diction, and the warrant was in fact void. If void for mere
want of jurisdiction, I am of the opinion that the constable
was not bound to execute it, although the law would have pro-
tected him for obeying it.

On this ground (which was not raised at the Criminal Term),
I am of opinion that the defendant is entitled to judgment.

Judgment reversed, and judgment rendered for defendant.