## In the Matter of John Percy.

Upon *habeas corpus*, in a case of a commitment for a contempt, the judge is limited to the inquiry, (1) is the contempt specially and plainly charged in the commitment; and (2) had the officer authority to commit for the contempt charged. If these appear, the prisoner must be remanded.

An order made by the court is a sufficient commitment, where the contempt has been committed in the presence of the court.

Whether the order should not direct the sheriff to take the prisoner into his custody and confine him,—*query?*

Although the commitment is defective, yet, where it appeared upon the hearing that the prisoner was guilty of a criminal offense, the proper course is for the judge to discharge him formally from the imprisonment and recommit him, or, in this State, as provided by statute, to remand him.

A commitment for a contempt committed in the presence of the court is an adjudication of an action for a criminal offense, and is, therefore, not bailable.

Special Term, *September*, 1868.

The relator, Percy, an attorney, was, by the order of Justice Barnard, of the Supreme Court, committed to the county jail for thirty days, for contemptuous conduct in the view and presence of the court. He sued out a writ of *habeas corpus* in the Court of Common Pleas, and moved for his discharge upon the ground that the order for his committal was illegal and void.

*John Percy*, in person, for the motion.

*A. Oakey Hall*, District Attorney, opposed.

In the Matter of John Percy.

DALY, F. J.—It is declared by statute that if it appear by the return to a writ of *habeas corpus* that the party suing out the writ is in custody for any contempt specially and plainly charged in the commitment, by some court, officer, or body having authority to commit for contempt so charged, that the officer granting the writ shall immediately remand the party (2 Rev. Stat. 567, p. 40). And it is further provided that no court or officer shall have power to inquire into the justice or propriety of any commitment for a contempt made by any court, officer, or body according to law, and charged in such commitment (Id. sec. 42). The return shows that Percy is detained in the Eldridge street jail, in pursuance of an order made by Justice Barnard, in the Supreme Court, imposing a fine of $200 for behavior on the part of Percy, in the immediate view and presence of the court, tending to interrupt its proceedings and impair the respect due to its authority. The order, in compliance with the statute (2 Rev. Stat. 278, sec. 13), sets forth the particular circumstances of the offense, and directs that Percy stand committed until the fine is paid, for a period not exceeding thirty days, and as all this appears upon the face of the return, my plain duty, as it appears to me, is to remand him. My inquiry is limited by statute to two points : (1) Is the contempt specially and plainly charged in the commitment? (2) Had the officer authority to commit for the contempt which is charged? In respect to the first, the circumstances are set forth in the order of commitment, and they amount to a criminal contempt, as the offense is defined by the Revised Statute (2 Rev. Stat. p. 278, sec. 10), and in respect to the second, a justice of the Supreme Court has authority to commit for such a contempt.

It is objected that there is no commitment in this case ; that Percy is held under an order of the court, and that the statute, therefore, is inapplicable. Courts of record, however, might always commit for contempt by an order. It was decided in the case of *The People* v. *Nevins* (1 Hill, 154), that this power was not only not taken away by the Revised Statutes, but that it was distinctly recognized by the provision therein enacted upon the subject of contempts. Where the court, therefore, makes an order that a party be committed for contempt—com-

mitted in the presence of the court—the order is, for all the purposes of the statute, to be regarded as a commitment (*The People* v. *Nevins, supra,* p. 171). Lord Hardwick said in *ex parte White Church* (1 Atk. 57), that when the order of court is made, the party stands committed for the contempt; that it is different from process, and if the party is present in court when the order is pronounced, he is instantly a prisoner, and the warden may take him away to jail directly; and see, to the same effect, *Mayhew* v. *Locke* (2 Marsh. 380, per Gibbs, C. J.) and *Throgmorton* v. *Allen* (2 Rolles Abm. (c), p. 558); *Taylor* v. *Beale* (id. p. 559).

The statute declares that the punishment for a criminal contempt of this description may be by fine or by imprisonment in the jail of the county where the court is sitting, or both, in the discretion of the court, and it is therefore objected that the order does not state by whom it is to be carried into effect, or declare where Percy is to be imprisoned. It was decided in *Russell* v. *Hubbard* (6 Barb. 654), that a warrant of commitment by a justice of the peace, upon a conviction for petit larceny, was void which was not directed to any officer, or class of officers, or person authorized to execute it, and that it afforded no protection to the constable who actually executed it. It may therefore be doubted whether the order made by the court in this case should not have directed the sheriff to take the relator and confine him in the jail of the county for thirty days, or until he paid the fine, but the point is one that it is not necessary for me to pass upon, for even conceding that the order of commitment was defective in this respect, it would not avail the relator upon a writ of *habeas corpus,* for the statute declares (2 Rev. Stat. p. 568, sec. 43, 44), that if it appear upon the hearing that the party was guilty of a criminal offense, the court or officer before whom he is brought shall remand him, if the offense is not bailable, to the custody of the officer or person by law entitled thereto, even though the commitment was irregular, and this was the rule of the common law; the practice being, if the commitment was defective, to formally discharge the prisoner from the imprisonment and then recommit him for the offense (*The King* v. *Mark,* 3 East R. 16'6). The contempt appearing here

Anon.

upon the face of the return is, by statute, declared to be a criminal offense (2 Rev. Stat. pp. 278, 279, secs. 10, 15), and being an adjudication and conviction for a criminal contempt it is not bailable (Petersdorf on Bail, p. 392). He must be remanded to the custody of the sheriff, and seek his remedy by appeal for any defect in the order of commitment, for in a case like this it constitutes no ground for his discharge upon *habeas corpus* (*Bethel's Case*, 1 Salk. 34).

The last objection made is that it does not appear that any interrogations were propounded. This is also a matter that cannot be inquired into upon *habeas corpus*. Where the order is one which the court have authority to make, all jurisdictional steps and all matters of regularity are to be presumed. A contrary doctrine, says Cowen, J. in *People* v. *Nevins* (*supra*), would turn a *habeas corpus* into a writ of error to revise the proceedings of court. It may be remarked, however, that the propounding of interrogations are not necessary where the contempt is committed in the view and presence of the court. The court takes judicial notice of the fact, and the conviction and punishment are summary (2 Rev. Stat. 278, § 12 ; *Pitt* v. *Davidson*, 37 Barb. 97.)

Percy must, therefore, be remanded.

---

### Anon.

Where an action for the dissolution of a copartnership and an accounting is brought, and the parties settle the suit without the knowledge of the plaintiff's attorney, the court will not order the appointment of a receiver of the partnership property to secure the lien of the plaintiff's attorney.

All that the court will do, in such a case, for the protection of the attorney's lien, will be to allow him to proceed in the suit and enter up judgment for the amount of his costs.

### Special Term, *August,* 1869.

This was an action for the dissolution of a copartnership and for an accounting. The parties, plaintiff and defendant,