(20 Misc. Rep. 692.)
FALKENBERG v. FRANK.

(City Court of New York, General Term. July 15, 1897.)

1. SUPPLEMENTARY PROCEEDINGS—INCOMPLETE EXAMINATION.
   An incomplete examination in supplementary proceedings should be filed, under Code Civ. Proc. § 825, requiring the filing of a return or other paper in a special proceeding.
2. CONTEMPT—COMMITMENT.
   A court may issue an order of commitment without previously issuing any alternative order where a contempt has been committed in open court, in view of Code Civ. Proc. §§ 8, 10, providing for the summary punishment of such contempt.
3. SAME—MOTION TO SET ASIDE—LACHES.
   A defendant committed to jail for contempt in February, 1895, procured a habeas corpus, which he abandoned, and then paid the fine. In January, 1897, he moved to set aside the commitment, which motion was denied. Held, that he was guilty of such laches that the order denying the motion should be affirmed.
   Schuchman, J., dissenting.

Appeal from special term.

Application of Charles Falkenberg against Nathan Frank for an examination in supplementary proceedings. From an order denying a motion to compel the filing of an incomplete examination, and to set aside a warrant of commitment for contempt, defendant appeals. Reversed in part.

For former report, see 43 N. Y. Supp. 1137.

Argued before VAN WYCK, C. J., and McCARTHY and SCHUCHMAN, JJ.

Moritz Frank, for appellant.
Herman Joseph, for respondent.

McCARTHY, J. On February 18, 1895, the late Chief Justice Ehrlich made an order declaring the defendant guilty of a willful and deliberate contempt, committed in the view and presence of the court, and directed the proper punishment of the judgment debtor in a summary way, by issuing a commitment, in which he directed that the judgment debtor should at once pay a fine, or immediately go to jail. The fine was paid in February, 1895, and the matter was then and there dropped, and, so far as the proceedings were concerned, ended, until January, 1897, when the judgment debtor made this motion to compel the other side to file the incomplete examination in supplementary proceedings, and from which this contempt arose, and to set aside the warrant of commitment, upon the ground that it was void, there being no alternative order before the issuing of the warrant of commitment. The justice at special term, after deliberation, denied this motion, and the present appeal is taken from the order denying said motion.

We will first consider the request to have the incomplete examination filed. The examination of the judgment debtor and his wife, as witnesses, was had pursuant to the order in supplementary proceedings, which were properly conducted, and, although not completed, constituted a part of the proceedings, and, when demanded to be filed,

should have been, in order to form a part of the records of the court. In that case it appears it was demanded to be filed, and should therefore, in our judgment, have been filed, and thus form a part of the records of the court. Code Civ. Proc. § 825. It may be and is very important at times to have the testimony in the proceedings already taken filed with the other records of the court, although the proceedings have not been finished nor the examination completed, since at some future time they may be resumed; and it is very important to have the incompleted testimony on file, in order to know how far the matter has progressed, and what has been done, for, if this incompleted testimony should be lost or mislaid, it would be very difficult indeed. It is therefore better practice to file all papers in a proceeding, so as to have a complete record on file with the court, where it can be had and used at any time. Fiske v. Twigg, 5 Civ. Proc. R. 41.

But the most important objection raised by the appellant is that an alternative order should have been issued, requiring that the judgment debtor should show cause why he should not be punished for his contempt, and that, upon the termination of such motion against the judgment debtor, an order should issue requiring him to pay a fine, and that, after a demand and refusal had been made, then a commitment might issue. From an examination of the facts and circumstances herein, it must be clear that the contempt charged was a criminal offense, and a grievous one. It was an offense in open court, creating a positive disturbance, as well as a disobedience of the orders and mandates of the court, and, in fact, a constant and open defiance of the court in the carrying on of its orderly and regular business. It was in the view and presence of the court, and a direct insult to the judge presiding. Code, §§ 8–10; In re Percy, 2 Daly, 530; Johnston v. Com., 1 Bibb, 598–601; Ex parte Terry, 128 U. S. 289, 290, 9 Sup. Ct. 77.

There is no doubt that the said judgment debtor has been guilty of the contempt charged, and that the warrant of commitment recites all the jurisdictional facts, and the causes of delinquent's guilt. The power to punish for contempt is an incident to all courts of justice, independent of the statutory provisions, and is recognized by the common law, and upheld by the authorities. The power to enforce the observance of order, and to punish for contumacy by fine and imprisonment, are powers which cannot be dispensed with, because they are necessary to the exercise of all others; but the exercise of this power must be necessarily in the sound discretion of the judge. Clark v. People, 1 Ill. 340; Watson v. Williams, 36 Miss. 331. The power thus vested in the court is necessarily of an arbitrary nature, and conclusive as to the summary action of the judge; but it by no means follows that every act which the court declares a contempt is in reality one.

It appearing from the facts herein that this was a criminal contempt, the next question is as to the right of the judge to summarily deal with it, and as to whether the present method was correct. The method of proceeding in the punishment of a criminal and civil contempt is decidedly different. The one being committed in the presence and hearing of the court, the offender may be instantly appre-

hended and punished, without any further examination or proof, because the court, having witnessed it personally, needs no further explanation; and, when the order for the commitment details the specific facts, then there is sufficient presented for an appeal, or the seeking of the remedy, if desired, by the party aggrieved. In the civil contempt, which consists of matters arising not in the presence of the court, and sometimes at a distance, of which the court cannot have a perfect acquaintance or take judicial knowledge, the proceedings must necessarily be determined in a different way, and the party accused is entitled to be heard in his defense, in order that he may explain the circumstances or reasons why the facts occurred, and that the court then can determine whether there was a contempt or not. In a criminal contempt, if a contempt was committed, the explanation on the part of the offender would not relieve him from the effect of the criminal contempt, but might go towards an extenuation of the act, and might affect the judgment of the justice before whom it had been committed. People v. Dwyer, 90 N. Y. 402; People v. Turner, 1 Cal. 152; Redman v. State, 28 Ind. 205. It was therefore not necessary in the case at bar to serve the defendant with an alternate order requiring him to do a certain thing, or requiring him to pay a fine, and then, if he refused to pay the fine, to issue a commitment; but the justice had the right to issue a mandate at once, commanding him to pay the fine, or, on failure to do the same, to be at once imprisoned in jail for his open defiance of the mandate of the court; for if the judge, after having seen the willful and deliberate contempt, were to do anything else, it would be a farce on justice, and an encouragement to the litigant to commit again a like contempt, because the law's delay would perhaps protect him, and we would have no law or order. Ex parte Terry, supra; Code Civ. Proc. § 10. Here the court could have proceeded at once to make this accusation upon its own motion when all the parties were present (and need not wait for any set day or fixed time), and then and there make its own determination, even committing the judgment debtor at once.

The whole trouble is that counsel for the appellant has viewed this proceeding as a civil contempt, and therefore claims that it was necessary an alternative order should be issued first, and that a demand should be made for the fine, and, upon the refusal thereof, that a commitment might then be issued. But we have already declared that this is a criminal contempt, of a serious and grievous character, and think that such an objection to the case at bar is extremely technical, to say the least, and a mere irregularity. But, as we have said, it is not necessary in the case at bar, as the judge could have acted at once. Even an order made by the court is a sufficient commitment where the contempt has been committed in the presence of the court. In re Percy, 2 Daly, 530. Where the matter complained of, however, is not in the presence of the court, then it is necessary to serve some order or direction requiring the offender to do a certain thing within a certain time, and, on failure, a commitment can issue. The only way for the judgment debtor, then, was to pay this fine, or go to jail at once, and procure a habeas corpus. The latter he finally did. We have seen that this was a grievous offense, and

was and ought to be punished most summarily if the judge had any respect for his judicial position, and to command respect for the public whom he represented, in order to prevent its recurrence, and thus to enforce obedience to the mandates of the court. The defendant did not wish to test the merits of his habeas corpus after a hearing thereon, either under an intimidation from the justice of the supreme court, or an impression that he (the defendant) had made such a grievous mistake in openly committing the contempt charged, and which was of such an outrageous character as heretofore related, that he paid the fine, but, he says, under protest, and abandoned the further proceedings, which was in February, 1895. This motion was not made until January, 1897. The justice at special term was correct in his determination, and we think, from the evidence here, even if we were not convinced of the correctness of the proposition in regard to the issuing of the commitment, that the payment of the fine and the abandonment of the habeas corpus, and also considering the laches of the judgment debtor in not moving the matter for so long a time, are sufficient to warrant the affirmance of this order. But, inasmuch as we think the incompleted examination should have been ordered filed when requested, this order is so far reversed as to direct the filing of the incompleted examination and all papers used in such supplementary proceedings, but affirmed as to each and every other particular thereof, without costs to either party as against the other.

VAN WYCK, C. J., concurs.

SCHUCHMAN, J.    I dissent, and adhere to my opinion reported in 43 N. Y. Supp., at page 1137.