EMILY SHAEFER, PLAINTIFF, v. RICHARD E. SMITH, JR., DEFENDANT.

Submitted December 5, 1918—Decided February 25, 1919.

A magistrate who without a sworn complaint issues a warrant and causes the arrest of a citizen and binds him over to keep the peace, may be held liable for false imprisonment.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the plaintiff, *Henry H. Fryling.*

For the defendant, *Addison Ely.*

The opinion of the court was delivered by

SWAYZE, J. This is an action for false imprisonment. The defendant is recorder of North Arlington and issued a warrant under which the plaintiff was arrested and bound to keep the peace. No formal complaint was made to the magistrate. One Stetz complained verbally on behalf of his wife. The justice wrote down, apparently in the warrant, what Stetz told him and asked him if he would swear that was the truth; to which Stetz replied, "Yes, I do." Thereupon, without Stetz signing the statement, or the magistrate drawing or signing any *jurat*, the defendant handed the warrant to the officer to serve.

The learned trial judge charged the jury that no written complaint was necessary. This was erroneous. The lack of a complaint was recognized by the court as an exception to the rule of the magistrate's immunity in *Grove* v. *Van Duyn,* 44 *N. J. L.* 654, 660. The necessity of a complaint is most clear in a case of binding one over to keep the peace. In the time of Blackstone, and probably at the present time, the proceeding was called "swearing the peace," and the complaint was called "articles of the peace." 4 *Bl. Com.* 255. The necessity of a complaint was recognized by the Supreme Court of New York in *Bradstreet* v. *Ferguson,* 23 *Wend.* 638. The court in that case held that the recital in the warrant that there had been a sworn complaint was sufficient presumptive evidence that such was the fact, in the absence of proof to the contrary. We, perhaps, could follow that ruling in the present case but for the clear proof to the contrary by the magistrate himself. For this error, the rule must be made absolute.