Lawrence H. Cooke, J.
On August 5,1959 the Police Justice of the Village of Monticello ordered that Agnes Lilholt, the person complained of, enter into an undertaking to keep the peace pursuant to section 89 of the Code of Criminal Procedure. Said Agnes Lilholt seeks to appeal from said determination and the question arises as to whether there is a right of appeal.
It has been held as a fundamental principle that an appeal in a criminal case is not a matter of inherent or constitutional right but exists only by virtue of statutory authorization; and appellate jurisdiction of courts in this State in criminal cases can never be assumed unless a statute be found which expressly sanctions its exercise (People v. Gersewitz, 294 N. Y. 163; People v. Zerillo, 200 N. Y. 443, 446; People v. Sidoti, 1 A D 2d 232, 234). The sentence is the judgment in a criminal action, and, in the absence of the entry of any judgment or the suspension of sentence or the operation of sentence, there is nothing from which a defendant can appeal (People v. Cioffi, 1 N Y 2d 70, 72-73; Code Crim. Pro., §§ 517, 750).
Chapter II of title II of part II of the Code of Criminal Procedure, entitled “ security to keep the peace ” and comprising sections 84 to 99, inclusive, contains no provision for an appeal. But it cannot be said that there is no provision for review of the situation in general for sections 94 to 96, inclusive, of said code provide for a method of discharge or for the requirement *315 of a new undertaking; and habeas corpus would be available in certain cases (People ex rel. Day v. Reese, 24 Misc. 528).
Appeal dismissed. Submit order. Nothing set forth herein shall deprive the parties of a hearing pursuant to section 96 of the code.