UTICA,
August, 1829.

FARRELL *vs.* WARREN.

Farrell
v.
Warren.

THIS was an action for false imprisonment, tried at the On- ondaga circuit, before the Hon. ENOS T. THROOP, then one of the circuit judges.

The plaintiff was ordered into the custody of a constable by the direction of the defendant, a justice of the peace, for keeping a *huckster* shop within three quarters of a mile of the *camp* ground, where a *methodist religious society* were assembled for public worship.(*a*) He was conducted to the

A justice of the peace, &c. under the act of 1824, in amend- ment of the "act for suppressing im- morality," has a right, upon his own per- sonal view of offences com- mitted against that act, *to or- der* an offender into the custo- dy of a consta- ble for safe- keeping, (with- out issuing a warrant) until the offender can be tried.

(*a*) By the fourth section of the *act for suppressing immorality*, (2 R. L. 194, passed March 5, 1813,) it is enacted "that if any person or persons whatsoever, either on the first day of the week called Sunday, or on any other day or time, shall wilfully and of purpose disquiet, interrupt or disturb any assem- bly of people met for religious worship, by making a noise, or by rude and indecent behaviour, or profane discourse, either within their place of worship or out of it, so near as to disturb the order and solemnity of the meeting, or exhibit any shows or plays, or promote or aid any horse-racing or gaming of any description, or expose to sale any ardent or distilled liquors whatever, or *keep or open any huckster shop upon any part of any highway* within the dis- tance of one mile from the place where any such religious society shall be ac- tually assembled for public worship, or shall, &c. " and be thereof legally con- victed, he or they shall for every offence, forfeit for the use of the poor $25 ; and if the fine is not immediately paid, or security given for the payment thereof within 20 days, the person convicted may be committed to the com- mon jail for a term not exceeding 30 days. The statute then proceeds as follows : " And that all judges, mayors, recorders, aldermen and justices of the peace, *upon the view of any person or persons offending* as aforesaid, are hereby authorized to order the said offender or offendors into the custody of any officer herein after named, or any official member of the church or soci- ety so as aforesaid assembled, for safe keeping, until he shall be let to bail, or a trial for such offence can be had according to law." By the next clause it is made the duty of all sheriffs, constables, &c. who shall or may be present at the public worship of any religious society interrupted or disturbed in man- ner aforesaid, to apprehend any and every such persons, &c.

In 1824, (Statutes, vol. 6, 374, c.) an act to *amend* the act for suppressing immorality was passed, which, after enumerating the same offences specified in the original act proceeds as follows : " or keep or open any huckster shop up- on any part of any highway, or upon any lands, waters or streams within the dis- tance of two miles from the place where any such religious society shall be actually assembled for public worship, the person or persons so offending shall be subject to the same penalties, and to be sued for, recovered and ap-

UTICA,
August, 1829.

Farrell
v.
Warren.

camp, and put under the preacher's stand, where he was kept guarded. After hearing testimony, the justice imposed a fine upon him of $20; he gave bail for the payment of it, and was discharged. He was arrested at nine in the evening, and discharged about half an hour before midnight.

It appeared that the plaintiff kept a huckster's shop in a *wood house*, where he sold herring, crackers, (*Anglice*, hard biscuits,) beer and cider. A witness testified that he was at the minister's stand when it was said, "go down to the road and see what is going on;" whereupon the witness, who acted as public prosecutor, the defendant, who was a justice of the peace, a constable, and another person, proceeded to the plaintiff's shop, and remained there ten or fifteen minutes, during which time the plaintiff sold cakes, beer and cider to a number of persons. The defendant then addressed the plaintiff, "I am sorry, Mr. Warren, to be under the necessity of apprehending you for a breach of the law," and ordered him into the custody of the constable, without issuing any warrant. They then proceeded together to the camp ground, where the defendant reported, "that they had brought in a huckster, and the subsequent proceedings of imposing a fine," &c. were had. A record of conviction, drawn up by the defendant, was produced, setting forth that on the 1st September, 1827, the plaintiff was convicted before the defendant, (a justice of the peace of the county of Onondaga,) of having on that day kept or opened a huckster's shop on certain lands in the town of Pompey, in the said county, within the distance of two miles from a place where a religious society in the town aforesaid was actually assembled for public worship.

The presiding judge charged the jury, that *the act to suppress immorality* authorized the defendant to proceed to a summary conviction of the plaintiff, but that the offence whereof the plaintiff was convicted, was not embraced by *that*

plied in the same manner as is provided in the fourth section of the act entitled an act for suppressing immorality." A *proviso* is added excepting from the operation of the act, persons licensed before the appointment of such meeting to keep inns, stores and groceries, who sell ardent or distilled liquors at his or their house, store, or other building where they usually reside or carry on business.

statute, not being committed in a highway; that the amendment to the act embraced the case, but although it warranted a summary conviction, yet it did not in *express* terms give the power to a justice to arrest or commit an offender to a constable for trial on his view of the offence; that penal statutes are to be construed strictly, and that the liberty of a citizen is not to be taken away or restrained by implication; therefore whether the defendant made the arrest himself or ordered the plaintiff into the custody of the constable on his own view of the offence, without process, if the plaintiff was restrained in his liberty and conducted to the camp as a prisoner by the act or order of the defendant, it was an unjustifiable trespass, for which the plaintiff was entitled to recover. He thereupon left the question of fact to the jury, whether the plaintiff was so restrained of his liberty, and if they found that he was so restrained, charged them to find for the plaintiff. The defendant excepted to the charge, and the jury found for the plaintiff with $140 damages. A motion was now made to set aside the verdict.

*F. G. Jewett,* for defendant. The defendant being a justice of the peace, *on view* of the violation of the provisions of the act of 1824, had the same authority to order the plaintiff into custody, that he would have had under the act of 1813. The question of fact which the judge submitted to the jury was not disputed by the defendant. The defendant relied upon the law for his justification, and the question which should have been submitted to the jury, was whether the defendant, *on view*, ordered the plaintiff into custody.

The justice (the defendant in this cause) proceeded under the fourth section of the act of 1813. *On view* of a violation of the act, he *ordered* the plaintiff into custody, and being brought before him, he obtained jurisdiction of his person and the record of conviction is a complete protection. The act of 1824, by declaring that offenders " shall be subject to the same penalties, to be sued for, recovered and applied in the same manner as is provided in the fourth section of the act" of 1813, conferred the same powers and authorized the same mode of proceeding designated by the latter act.

*N. P. Randall,* for plaintiff. The naked fact of keeping a huckster's shop within the distance of two miles from the place of a religious meeting, without intending or creating any disturbance, is not within the evil intended to be remedied, nor within the meaning of the act. The latter clause of the fourth section of the act of 1813, shews the intention of the legislature, which was to punish licentious and disorderly persons who *interrupted or disturbed* the public worship of any religious society. Unless the act complained of is done with the intention to interrupt or disturb, or necessarily must have that effect, there is no offence. There was no noise or disturbance ; there was no complaint made to the justice, but he left the place of worship to seek an opportunity to exercise his authority.

The act being highly penal, must be strictly construed. The shop was not in a *highway,* and therefore not within the provisions of the act of 1813. The act of 1824 prohibits such shop to be kept " upon any part of any highway, or upon any *lands,* waters or streams." The word *lands* must be understood here in its common or vulgar acceptation, viz. open fields, or woods, or why this particular enumeration. If used in its legal acceptation, there was no necessity for particularizing highways, waters, and streams, as the latter would be included in the former. A statute must be so construed as that no clause, sentence or word shall be superfluous, void, or insignificant. (1 Show. 108.) The intention of the legislature is to be sought after. (1 Black. Com. 59, 60.) A thing *within the letter* is not within the statute, unless it be *within the intention* of the maker. (Bacon's Abr. tit. Construction of Statute, 1, 5.) A statute should be so construed, that no man who is innocent be punished or damnified. (1 Inst. 360.) Allowing the act complained of to be *within the letter,* it is not within *the intent* of the legislature.

The act of 1824, gives no authority to the magistrate to order an offender into custody ; it directs the penalties to be sued for, recovered and applied, in the same manner as is directed by the act of 1813. The right to commit *upon view* is not given in terms, nor necessarily implied. Where a statute of this kind admits of two constructions, that should be

given to it, which is consonant to the ordinary modes of pro-
ceeding and which secures the trial by jury. (3 Caines, 259.)

*By the Court,* SUTHERLAND, J. The only question aris-
ing upon the decision of the judge before whom this cause
was tried, and upon his charge to the jury, is, whether the
defendant, who is admitted to have been a justice of the peace,
had a right, upon his own personal view of the offence com-
mitted by the plaintiff, to order him into the custody of a
constable for safe keeping, (without issuing a warrant,) until
he could be tried. I am clearly of opinion that he had such
authority.

It is conceded that the fourth section of the *act for sup-
pressing immorality,* (2 R. L. 193,) authorizes an arrest in
that manner. The terms are express : " That all judges,
justices of the peace, &c. upon the view of any person or
persons offending as aforesaid, are hereby authorized to or-
der such offender or offenders into the custody of any officer,
&c. for safe keeping, until he shall be let to bail, or a trial
for such offence can be had according to law." The offence
for which the plaintiff was arrested, and of which he was con-
victed, was created by the act of November 25, 1824, (Stat-
utes, vol. 6, 374 c,) which was merely amendatory of the ori-
ginal act of 1813. The act of 1813 made it an offence to
keep a huckster's shop, &c. upon any part of *any highway*
within *one mile* from the place where any religious society
might be assembled for public worship. The act of 1824
enacts, " That if any person or persons, &c. shall keep or
open any huckster's shop, &c. upon any part of any high-
way, *or upon any lands, waters or streams* within the distance
of *two miles* from the place where such religious society shall
be actually assembled for public worship, the person or per-
sons so offending shall be subject to the same penalties, and
to be sued for, recovered and applied in the same manner as
is provided in the fourth section of the act entitled an act for
suppressing immorality." The legislature most clearly in-
tended to authorize the same mode of proceeding *throughout*
for the punishment of offenders against this act, as was au-
thorized by the fourth section of the act of 1813. It purports

UTICA,
August, 1829.

to be an amendatory act merely ; it enlarges the circumfer-ence in which the keeping of huckster's shops is prohibited, and it is unreasonable to suppose that the legislature, at the same time that they extended ·the principles of the act of 1813, intended to restrict the means of punishment or con-viction provided by that act.  Nothing but the most explicit and unequivocal language would authorize such a conclu-sion.  Persons offending against the act of 1824 shall *be subject to the same penalties. and to be sued for, recovered and applied in the same manner* as is provided in the fourth section of the act of 1813.  One means of *recovering* the penalties au-thorized by the 4th section of the act of 1813, is for the justice of the peace, upon the view of any person offending, &c. to order him into the custody of an officer for safe keeping, un-til he shall be let to bail, or a trial for such offence shall be had according to law.  That was the course pursued in this case, and I think it was fully authorized by the act.

This being the only point presented by the  charge of the judge, to which the defendant excepted, it is unnecessary to express any opinion upon the merits of the case.

New trial granted.