## NEW YORK COMMON PLEAS.

### JOHANNA SANDROCK agt. EDWARD KNOP.

Where a person is arrested upon a criminal warrant and brought before a police justice, and thereupon enters into a recognizance to appear at the court of *general sessions* to answer the charge, the police justice is thereby deprived of all further jurisdiction in the case. If he subsequently proceeds in the case and discharges the defendant for want of probable cause, or for any other cause, his proceedings are without authority, and a *nullity*.

*Special Term, December*, 1867.

THE plaintiff commenced an action against the defendant for false imprisonment, alleging that she was arrested, brought before the magistrate and imprisoned, without any cause for same. An order of arrest was made in this action, under which the defendant was taken, and is now held in custody.

Defendant moves for an order vacating the order of arrest.

CHARES S. SPENCER, *for motion.*

CHARLES FRASER, *opposed.*

Sandrock agt. Knop.

VAN VORST, J.  This action is brought by plaintiff to recover damages for an alleged false imprisonment, made, as claimed, without "probable cause." The complaint upon which plaintiff was imprisoned, was made before a police justice of the city of New York, by the defendant, charging plaintiff with having been engaged in a conspiracy with one Levy, to cheat and defraud defendant.

The plaintiff was arrested and brought before the police justice who issued the warrant, on the 25th day of October, 1867, and entered into a recognizance, with one Goldsmith as surety, in the sum of $2,000, for the appearance of the plaintiff at the court of general sessions of the city and county of New York, to answer the said charge.

It appears that subsequently, and on the 23d of November, the justice proceeded to examine the case, and discharged the complaint, and ordered the bond to be cancelled. The entering into the recognizance on the part of the plaintiff before the justice, had the effect to divest him of authority further to examine into this complaint. The proceedings thereafter in the investigation of the alleged offense, was to be had at the general sessions, and before the grand jury.

The examination before the justice, and the cancelling of the bond on the 23d of November, were of no effect, and have no binding force.

It cannot be affirmed that there was no "probable cause" for the arrest and imprisonment of the plaintiff, as the criminal proceedings against her are still pending. Nor can I dispose of that question upon affidavits, as the matter is before a competent tribunal for investigation.

Motion to vacate order of arrest granted.