Abbott *v.* Booth.

---

## Abbott *vs.* Booth

A criminal warrant should contain a command, or a requirement in the nature thereof, to the person to whom the warrant is directed, to make the arrest. A mere authority, in the nature of a license or permission to make the arrest would not be a warrant, within the statute, or at common law.

The direction is an essential part of every warrant. Unless it is directed to the sheriff, or the constables of the county, or town, or some individual officer or to some individual by name, who is not an officer, it is not a proper or sufficient warrant.

At common law, a warrant might be directed to some indifferent person who was not an officer; and this may still be done; but the practice should not be resorted to if an officer can conveniently be found.

But where the warrant is directed, in the body thereof, " to the sheriff or any constable of the county," in which the magistrate resides, an authority cannot be conferred upon a person who is not an officer, to execute the same, by an indorsement on the back thereof, signed by the justice, " authorizing and empowering" such person to arrest the defendant and bring him before the justice. Such an indorsement is not a direction to the person named therein; and the warrant will afford no justification to him for an arrest made under it.

THIS action was for an assault and battery and false imprisonment. The defendant attempted to justify under a warrant, and its indorsements, issued by A. W.

Abbott *v.* Booth.

Casey, a justice of the peace, July 8, 1866, for the arrest of the plaintiff H. W. Abbott, on a charge of assault and battery. The warrant was directed, in the body of it. "To the sheriff, or any constable of said county," and was indorsed, on the back of it, as follows:

"I hereby authorize and empower John F. Booth to arrest the within named H. W. Abbott, and bring him before me.                                     A. W. CASEY, J. P."

"By virtue of the within warrant I have taken, and have in my custody the within described H. W. Abbott, who is here before the court.       J. F. BOOTH, deputy."

On the trial, at the circuit, before Justice E. DARWIN SMITH and a jury, the plaintiff's counsel asked that the second defense,—justification under the warrant—be excluded, on the ground that a justice of the peace has no power to deputize another person, not an officer, to make an arrest when the warrant is not to such person by name on its face. The court sustained the objection. The defendant's counsel excepted to this ruling of the court. The court charged the jury that there was no justification for the arrest and imprisonment of the plaintiff, and that he therefore had a right of action. The jury found a verdict in favor of the plaintiff, for $50 damages; and judgment being entered thereon, the defendant appealed.

*J. Peddie,* for the appellant. I. The warrant, taken in connection with the indorsement signed by the same officer who issued it, was sufficient, under the statute, to authorize the appellant to arrest and detain the respondent. 1. The warrant itself complies on its face, as to its recitals, with section 3 of the Revised Statutes, (*5th ed. vol.* 3, *p.* 993,) and it was also under his hand, and without seal. 2. The indorsement on the back being made and signed by the same officer, in connection with what had been

previously signed, and all done before delivery for execution, was a sufficient direction within the meaning of the same statute. 3. The statute is, "commanding the officer to whom it shall be directed," &c. The manner in which this direction shall be made to appear upon the warrant is not pointed out. It is no part of its "recitals." The object of the "recitals" is to apprise the party of the charge. He can not be interested in its "direction." And the object of the "direction" is to protect the person who is named as the "officer" to execute the process, and to apprise him of his appointment and duty, if a private person, and he accepts it; and it can make no difference to any party how this "direction" is given, provided it is about the warrant, and appears upon or with it, properly executed by the officer issuing the process. 4. The words "to whom it shall be directed" can have no other value or importance to the party arrested than to acquaint him with the individual who interferes with his liberty. The direction is no part of the warrant. And the same thing, and indeed every thing calculated to be accomplished by the direction, if contained on the face of the process, is accomplished by the direction contained in the indorsement as it appears in this case.

II. The warrant and the indorsement were sufficient at comnon law, as well as under the statute. 1. It was sufficient in form, (1 *Chit. Crim. Law, Riley's ed. marginal p.* 44.) 2. The magistrate had a discretionary power to nominate an individual who was no officer to be his officer to execute the process. (*Barb. Crim. Law,* 459. 1 *Chitty's Crim. Law,* 38, 48½.) 3. And this nomination or direction could be made by a separate writing, indorsed upon or attached to the warrant and referring to it. 4. By a careful perusal of 1 Chitty's Crim. Law, (38 *to* 51,) under the subject "form and requisites of the warrant," it will appear that the only materiality of the direction was to designate the person by name or character who was charged with its

execution. And this was effected by the indorsement in the case at bar. 5. Our Revised Statutes only change the common law upon these subjects in this respect; *that the accusation shall be recited in the warrant.* (*See R. S.* § 3, *supra;* 1 *Chitty's Crim. Law,* 41, 42.) 6. And by section 17, of the New York State Constitution of 1846, the common law, as it existed in the state, April 19, 1775, with other matters, it is declared " shall be and continue the law of this state, subject to such alterations as the legislature shall make concerning the same."

III. In determining the legal import and effect of the warrant and its indorsement and delivery, both parts and acts must be taken and construed together, as *one paper*, *one instrument*, and one *official* or *ministerial act;* and as a whole making the process a "proper warrant" under the statute, and being properly directed.

IV. As an independent proposition, we claim, also, that the writing on the back of the assumed warrant, by its reference to the within writing, constitutes of itself, a sufficient warrant and direction to the appellant, and within the letter, and especially the spirit, of the Revised Statutes on the subject, and must protect him in its execution.

V. For all these reasons, the several exceptions, to the ruling excluding the second defense, and to the charge of the court, were well taken. And the judgment should be reversed, and a new trial ordered, with costs.

*Quincy Van Voorhis*, for the respondent. I. The warrant in question constituted no authority by which Booth could legally arrest Abbott. 1. A justice of the peace has no authority to deputise any person not an officer to serve a criminal warrant. In this state justices of the peace, and their courts, are creatures of the statute. They have no jurisdiction, except what the statute provides and prescribes. While in civil actions the justice is expressly

Abbott *v.* Booth.

authorized to depute any person to serve any civil process except a *venire*, (2 *R. S. 4th ed. p.* 458, §§ 191, 192,) there is no such authority granted in criminal cases. On the contrary the statute concerning the arrest of offenders requires the magistrate to issue a proper warrant, " *commanding the officer to whom it shall be directed*," to make the arrest. (2 *R. S. 4th ed. p.* 890, § 3. 1 *Mass. Rep.* 488. *N. Y. Const. art.* 6, § 17. 2 *R. S.* 225–276, 703, 606, 710.) 2. But if this is not so and we are to look to the common law for the practice, the rule there is clear and explicit that no person not an officer can serve a criminal warrant, unless the warrant in the body of it is directed to such person by name. (1 *Chit. Crim. Law*, 37, 38. 1 *Hale P. C.* 531. 2 *id.* 110. *Barb. Crim. Law*, 527–531. *The King* v. *Weir*, 1 *Barn. & Cress.* 288. *Commonwealth* v. *Foster*, 1 *Mass. R.* 488. *Arch. Crim. Plead.* 120, 128, *and notes.* In case a felony has been actually committed, the offender may be arrested by any person. (*Holley* v. *Mix*, 3 *Wend.* 350.)

II. The indorsement upon the warrant does not purport to authorize Booth to execute the warrant. There is no allusion whatever in it to the warrant. There exists the naked circumstance only that it is written on the back of the same piece of paper upon which the warrant is written. If this indorsement is any thing, it is a warrant of itself. It commands Booth—not to execute the within warrant—but to arrest Abbott. It is an independent instrument. It is an arbitrary direction to Booth to arrest Abbott. It has no more validity than it would have if written on a separate piece of paper, and is a nullity.

*By the Court*, JOHNSON, J. The question in this case is whether the warrant issued by the justice of the peace, against the plaintiff, afforded a justification to the defendant, for the arrest and detention of the plaintiff. The defendant was not an officer, and the warrant was not

Abbott *v.* Booth.

directed to him, in the body thereof, but "to the sheriff or any constable of the county," in which the magistrate resided. The statute (2 *R. S.* 706, § 3,) provides for the issuing of a warrant by a magistrate when it shall appear before him in a proper manner, "that an offense has been committed." It must be under his hand, with or without seal, "reciting the accusation, and commanding" the officer to whom it shall be directed forthwith to take the person accused and bring him before such magistrate. All the forms and authorities agree that a proper warrant contains a command, or a requirement, in the nature thereof, to the person to whom the warrant is directed, to make the arrest. A mere authority in the nature of a license or permission to make the arrest would not be a warrant, within the statute, or at the common law. The direction is an essential part of every warrant. Unless it is directed to the sheriff or the constables of the county, or town, or some individual officer, or to some individual by name, who is not an officer, it is not a proper or sufficient warrant. All the authorities will, I think, be found to agree in this. (*Barb. Crim. Law*, 459. *Addis.* 376.) At common law the warrant might be directed to some indifferent person who is not an officer. (*Barb. Cr. Law*, 459. 1 *Chit. Cr. Law*, 38.) And I am of opinion this may still be done; but a magistrate should, I think, never resort to such a practice if an officer can be conveniently found to perform the service, inasmuch as a common person cannot be compelled to make service or be punished in case of refusal. In Massachusetts it was held that a warrant addressed to the proper officers and to an individual by name who was not an officer was erroneous, and conferred no authority upon the individual to make the arrest. (*Commonwealth* v. *Foster*, (1 *Mass. R.* 488.) Though a doubt was expressed in that case, whether it might not be lawfully done when no officer was at hand to perform the service, and that fact was expressed in the warrant.

But here the warrant was not in any sense directed to the defendant. The magistrate, instead of directing it to the defendant by name, and commanding him to execute it, undertook to confer an authority, by an indorsement on the back of the warrant in the nature of a permission or license to make the arrest. A warrant issued in that form, merely authorizing the arrest, without requiring and commanding it, would not be a valid warrant. Here the warrant was plainly directed to the sheriff or any constable of the county, in the body of it, and the indorsement, in the form in which it was made, was not a direction to the defendant. The learned judge at the circuit therefore properly held that the warrant afforded no justification to the defendant.

Judgment affirmed.

[Monroe General Term, September 7, 1868. *E. D. Smith, Johnson* and *J. C. Smith,* Justices.]