Second avenue. There was further evidence that as the car came from Second to Third avenue the bell was not rung, and that the car was going fast, with no lights on it, but there was a plenty of light for the witnesses to see the plaintiff at from 50 to 125 feet from where she was struck.

I think there was evidence to justify the submission of this case to the jury. The jury could find that the light was sufficient for the motorman to see the plaintiff at a distance of 125 feet; that when she stepped into the street she looked to see if it was safe to cross, and that she saw a car which appeared to her to be stationary at Second avenue; that as she attempted to cross the street the car came up with full speed, and struck her before she could cross the track; that the motorman could have seen the plaintiff crossing the track; and that, either from inattention, or for some other reason, he failed to stop the car so as to enable her to cross in safety. This would be evidence from which the jury could find negligence.

Upon the question of contributory negligence, I think there was sufficient to justify the jury in finding that the plaintiff saw the car at Second avenue, that it appeared to be stationary, and that she then attempted to cross the street. I do not think that it was contributory negligence for her, under such conditions, to cross the track.

Upon the whole case, both the defendant's negligence and the plaintiff's contributory negligence were for the jury, and the case was submitted upon a charge to which no objection was taken. I think the judgment should be affirmed, with costs.

RUMSEY, PATTERSON, and O'BRIEN, JJ., concur. VAN BRUNT, P. J., dissents.

---

(34 Misc. Rep. 332.)

### In re CORCORAN et al.

(Supreme Court, Special Term, New York County. March 22, 1901.)

BURGLARY—MISDEMEANOR—COMMITMENT—EVIDENCE—SUFFICIENCY.

> Where defendants, who were professional thieves, entered and emerged from a bank building several times on a certain forenoon, conversed together, and again entered the building, then stood together on an adjacent corner conversing, and afterwards again entered the building, they were properly committed for trial under Pen. Code, § 505, providing that a person who, under circumstances or in a manner not amounting to a burglary, enters a building, or any part thereof, with intent to commit a felony or larceny, is guilty of a misdemeanor.

Habeas corpus for release by Peter Corcoran and others, committed for a misdemeanor. Writ dismissed.

James W. McLaughlin, for petitioners.

Eugene A. Philbin, Dist. Atty., for the People.

McADAM, J. The complaint charges that the prisoners did willfully and unlawfully violate the provisions of section 505 of the Penal Code under the following circumstances, viz.: That at about 10:45 a. m. on March 16, 1901, they entered and emerged several times from the building occupied by the Union Square Bank; that they conversed with one another, and again entered said premises; that they then

stood together on the adjacent corner, conversing, and again entered said bank,—these occurrences occupying about one hour. A police officer, regarding their conduct as suspicious, placed the accused persons under arrest, and the question is whether the circumstances stated are sufficient to warrant the holding of the prisoners under the statute referred to, which provides that "a person who, under circumstances or in a manner not amounting to a burglary, enters a building, or any part thereof, with intent to commit a felony or a larceny * * * is guilty of a misdemeanor." In addition to the circumstances stated, the fact is clearly sworn to that the prisoners are professional thieves, and that their pictures are in the rogues' gallery at police headquarters. In order to convict under this section, no forcible entry is required. The entry, no matter how peaceable, if "with intent to commit a felony or a larceny," is a misdemeanor. The intent essential must, in the nature of things, be determined from the facts and circumstances, and these are for the consideration of a jury. The facts that four professional thieves, acting in concert, enter a bank in this city, having no business calling them to the bank; that they frequently go in and come out from said bank, and that they converse together on the adjacent corner,—point to an intent to commit a felony or a larceny, and, unexplained, are sufficient to warrant a conviction. The prisoners were properly committed for trial, and the writ must be dismissed.

---

(59 App. Div. 250.)

### ROHAN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. March 27, 1901.)

MASTER AND SERVANT—ASSUMED RISK.

    Plaintiff had been employed for four years in defendant's boiler room, and had seen the construction of the boilers and of a bridge suspended in front of them. He used the bridge, sometimes, once a day, and from the floor could see the entire platform to the bridge, and the space where the platform ended. *Held*, that plaintiff assumed the risk, and could not recover for injury caused by his falling through the space while making his way from the boilers, where he had gone to shut off escaping steam caused by an explosion.

Appeal from trial term, Queens county.

Action by Patrick Rohan against the Metropolitan Street-Railway Company. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Thomas W. Burke, for appellant.

Herbert C. Smyth and Edwin A. Jones, for respondent.

JENKS, J. The plaintiff appeals from a judgment dismissing the complaint at the close of his case. The action is for negligence, and plaintiff would make the defendant liable for negligence in construction and in maintenance of a bridge in its fire room. There were 12 boilers in this room, placed in a row, and numbered from 1 to 12,