notice of the filing of the report from which date the eight days would commence to run. Let this necessary proof be handed up, and, if such notice was served more than eight days ago, the report must, under the provisions of rule 30, be confirmed, as no exceptions have been filed. See Catlin v. Catlin, 2 Hun, 378; In re Talmage, 39 App. Div. 466, 57 N. Y. Supp. 427. There is no motion before me to open the default and permit the exceptions to be filed nunc pro tunc, and I have only to comply with the requirements of rule 30.

Ordered accordingly.

## In re O'NEILL.

(Supreme Court, Special Term, New York County. March, 1901.)

CRIMINAL LAW—ABORTION—COMPLAINT—SUFFICIENCY.

> A complaint alleged that the defendant and complainant became criminally intimate, and that about two months later complainant believed she was pregnant, whereon defendant gave her a pill, telling her that it and others which he had would produce a miscarriage. It was further alleged that defendant, with intent to produce a miscarriage of the complainant, supplied, administered, and caused her to take a certain drug, medicine, or substance, in violation of Pen. Code, § 294, subd. 1, providing that a person who, with intent to procure miscarriage, supplies a woman, whether pregnant or not, or advises her to take, any medicine, drug, or substance, is guilty of abortion. *Held*, that the offense was alleged with sufficient particularity to sustain a warrant for defendant's arrest.

Application by Thomas J. O'Neill for a discharge on habeas corpus pending examination before the magistrate. Application denied.

Eugene A. Philbin, Dist. Atty., and Chas. A. Skidmore, Asst. Dist. Atty., for the People.

Thos. J. O'Neill, for defendant.

McADAM, J. The defendant was arrested on a warrant issued by a city magistrate on an information in the form of a complaint, wherein it is charged that the defendant, on July 25, 1900, at the city of New York, did, with intent to procure the miscarriage of Cora Vivian, complainant, supply, administer, and cause her to take a certain medicine, drug, or substance, in violation of subdivision 1 of section 294 of the Penal Code. It is further charged that the complainant became criminally intimate with the defendant in the early part of June, 1900; that in the latter part of July she informed the defendant that she believed she was pregnant with child; and that on said 25th day of July, 1900, the defendant gave her a pill, and made her swallow the same, telling her that the pill and other pills which he had in a box, which he gave to the complainant, would bring on her miscarriage. If the complaint be true, it is apparent that both the complainant and defendant acted on the belief that she was pregnant with child, and that the medicine was administered by the defendant and taken by the complainant for the express purpose of causing a miscarriage. The allegations certainly make out a prima facie case against the defendant, although the same strictness is not required in an information as on an indictment. People v. Robert-

son,. 3 Wheeler, Cr. Cas. 180. Such offenses are seldom set forth with more particularity; and if, before issuing warrants, magistrates were required to learn every detail of the evidence essential to convict, few, if any, warrants would be issued. The complaint complies substantially with all legal requirements, and the examination before the magistrate, which now stands adjourned to April 9, 1901, must proceed according to prescribed practice.

---

(34 Misc. Rep. 285.)

### FRIEDLANDER v. MUTUAL RESERVE FUND LIFE ASS'N.

(Supreme Court, Special Term, New York County.   March, 1901.)

**INSURANCE—PAYMENT OF PREMIUMS—INJUNCTION.**

> Where an action was brought to test the validity of a new by-law of an assessment insurance company imposing a lien on its policies to pay death losses and to create a reserve fund, and such amendment will not affect the amount of plaintiff's assessments immediately, nor until after his policies have become payable by his death, the company will not be enjoined, on his failure to pay his assessments, from declaring his policies void for nonpayment.

Action by Oscar O. Friedlander against the Mutual Reserve Fund Life Association. Motion for an injunction. Denied.

David J. Gallert, for the motion.

George Burnham, Jr., opposed.

SCOTT, J. The defendant is what is known as an assessment or co-operative life insurance company. The plaintiff is the holder of two policies of insurance issued by defendant,—one dated in 1887, in favor of his children; and the other dated in 1888, in favor of his wife,—both being payable to the respective beneficiaries named therein after plaintiff's death. The policies are not submitted on this motion, but the affidavits presented set forth enough of their terms to enable the court to pass upon the question presented. The plaintiff states that the considerations on his part for the obligation assumed by the defendant were that he should pay an admission fee and dues for expenses and mortuary assessments within 30 days after the first week day in February, April, June, August, October, and December, and from such other periods as the board of directors might determine. It appears that the plaintiff has made all the payments required of him, except the assessment levied by the board of managers in February, 1901, and which, by the terms of his contract, he had agreed to pay within 30 days after such levy. Under the by-laws of the defendant, which are to be read into and form a part of the contract of insurance, a failure to pay an assessment within the time specified forfeits the membership of the assured in the defendant corporation, and all his rights thereunder, and his policy or certificate of membership becomes null and void. At a meeting of the defendant corporation held in January, 1901, an amendment to the constitution or by-laws was adopted, providing, among other things, that, as to a certain class of policy holders, of which the plaintiff is one, a lien should be charged against the policy or the insurance se-