(37 Misc. Rep. 676.)

PEOPLE ex rel. FRIEDMAN v. WARDEN OF CITY PRISON et al.

(Supreme Court, Special Term, New York County. April, 1902.)

1. WARRANT—SUFFICIENCY—UNKNOWN DEFENDANT.
    Where a warrant directed an officer to arrest "John Doe, the name Doe being fictitious, true name unknown, but whom deponent can identify," a person named David Friedman may be lawfully arrested where, on a writ of habeas corpus taken out by Friedman after his arrest, there is nothing to show in the return that any of his rights have been violated.

**2. SAME.**

Where a warrant directed the arrest of "John Doe, the name Doe being fictitious," the warrant was not void because not also stating that the name John was fictitious, under Code Cr. Proc. § 150, authorizing a warrant, if the name of defendant be unknown, to designate such defendant by any name.

Application by the people, on the relation of David Friedman, for writ of habeas corpus to the warden of the city prison and Robert C. Cornell, city magistrate. Writ dismissed.

Benjamin F. Spellman, for relator.

Wm. Travers Jerome, Dist. Atty., and Henry G. Gray, Dep. Asst. Dist. Atty., for respondents.

BLANCHARD, J. The warrant in this case directs the officer to arrest "John Doe, the name Doe being fictitious, true name unknown, but whom deponent can identify," and the relator asks to be discharged on the ground that the warrant fails to designate the name John as being fictitious as well as the name Doe, the real name of the relator being David Friedman. Section 152 of the Code of Criminal Procedure provides that the warrant must specify the name of the defendant, or, if it be unknown to the magistrate, the defendant may be designated therein by any name. I am of opinion that the language of section 152 referred to is broad enough to cover the case at bar, and the language of Justice Freedman in the case of People v. Jerome, 34 Misc. Rep. 575, 70 N. Y. Supp. 377, seems to be in point, wherein he states:

"Under our present system of criminal jurisprudence the methods by which a criminal is brought before a committing magistrate and charged with the commission of a crime are not very material, if such methods substantially conform to law and the defendant is not prejudiced in some substantial right thereby."

There is nothing in the return before me to indicate that any substantial right of the relator has been violated. The writ must be dismissed and the prisoner remanded.

Writ dismissed, and prisoner remanded.