(44 Misc. Rep. 267.)

PEOPLE ex rel. LEVY v. PRESTON, Sheriff, et al.

(Supreme Court, Special Term, Kings County. July, 1904.)

1. CRIMINAL LAW—WARRANT—COMPLAINT—VERIFICATION.
    Where the sworn complaint on which a person is arrested is on information and belief, it confers no jurisdiction on the magistrate to issue a warrant.

Petition by the people, on the relation of Bernhard Levy, for writs of habeas corpus and certiorari to Henry H. Preston, sheriff of Suffolk county, and others, to obtain the release of relator, arrested on a warrant for receiving stolen goods.

Philip Cohen, for relator.
Livingston Smith, Dist. Atty., for respondents.

GAYNOR, J. The sworn complaint or deposition against the relator on which the justice of the peace issued the warrant on which he was arrested is on information and belief only, and therefore conferred no jurisdiction on the magistrate to issue the warrant (Matter of Blum, 9 Misc. Rep. 571, 30 N. Y. Supp. 396).

It is contended, however, that the evidence taken before the magistrate on the examination after the arrest was sufficient to warrant his being held for the grand jury, and that therefore he was properly committed to await the grand jury. But the trouble is that the magistrate had no jurisdiction to hold such examination, and therefore all of his acts were void (People ex rel. Kingsley v. Pratt, 22 Hun, 300). The relat-

¶ 1. See Criminal Law, vol. 14, Cent. Dig. § 423.

or's counsel on being arraigned moved for the relator's discharge for the insufficiency of the complaint, but the motion was denied, and the magistrate held the relator for examination, which was subsequently had. There is therefore no claim that the relator gave jurisdiction by consent; but that, I suppose, would be impossible in the case of a mere magistrate, if it might be possible in the case of a court.

The relator is discharged.