## SUPREME COURT—APP. DIVISION—FIRST DEPT.,

### May 3, 1912.

## PEOPLE EX. REL. COHEN v. WARDEN OF THIRD DISTRICT PRISON.

(135 N. Y. Supp. 160.)

(1) PRELIMINARY PROCEEDINGS—COMMITMENT BY MAGISTRATE.

Code of Criminal Procedure (section 221) provides that in New York city, in all cases of misdemeanor, except libel, the magistrate, upon holding the defendant to answer, must within five days return the warrant to the district attorney, and also the depositions. Code of Criminal Procedure, secs. 221, 742, Greater New York Charter, section 1172, Inferior Court Act, sec. 95, and Sanitary Code, sec. 68, compared and held, that an omission from the Inferior Courts Act of a requirement that, when a transfer is taken to the Court of Special Sessions, the trial should be had upon an information properly made, must be deemed to have been intentional, and the legislature will be considered to have intended that the trial, both before the magistrate and before the Court of Special Sessions, should be a summary proceeding, so that the transmission by the magistrate of the papers, etc., without granting the preliminary hearing sought by the defendant, was proper.

(2) VIOLATION OF SANITARY CODE—COMMITMENT IN DEFAULT OF BAIL—INTENT OF LEGISLATURE.

While the Inferior Courts Act does not provide for the admission of the accused to bail, in making provision for summary proceedings by magistrates for violations of the Sanitary Code, or for the transferring of such proceedings to the Court of Special Sessions, held, that it must have been within the contemplation of the legislature that the defendant would be admitted to bail, and the issuance of a commitment in default of bail, the prosecution being transferred to the Court of Special Sessions upon the application of the Board of Health, was proper.

APPEAL from Special Term, New York County.

The People of the State of New York, on the relation of Morris Cohen, against the Warden of the Third District Prison.

From an order dismissing the writ and remanding the relator, he appeals. Affirmed.

*Alexander A. Mayper,* of New York City, for appellant.

*Robert S. Johnstone, Asst. Dist. Atty.,* for respondent.

LAUGHLIN, J.:

The relator was arrested pursuant to a warrant issued on information charging him with a violation of section 68 of the Sanitary Code. When he was brought before the magistrate, counsel for the board of health, pursuant to section 95 of the Inferior Courts Act, asked that he be held for trial at the Court of Special Sessions. Counsel for the relator thereupon demanded an examination of the witnesses upon whose depositions the warrant had been issued. This request was denied, and the magistrate held the relator to answer the charge in the Court of Special Sessions, and fixed bail at $100, and issued a commitment committing him to the custody of the warden and keeper of the city prison of the city of New York until he gave such bail. The relator thereupon obtained a writ of habeas corpus, evidently with a view to presenting the question as to the right of the magistrate to hold him to answer in the Court of Special Sessions without an examination before the magistrate, for that, and the right of the magistrate to issue the commitment, are the only questions presented on the appeal.

It is not controverted that the relator was duly arrested on a warrant duly issued for a violation of said section of the Sanitary Code; but it is contended that on the return of the warrant it was the duty of the magistrate, under sections 188, 190, 195, and 196 of the Code of Criminal Procedure, on the request of the relator, to examine the witnesses, and thus determine whether a crime had been committed and whether there was probable cause to hold the relator to answer in the Court of

Special Sessions, pursuant to the provisions of sections 207, 208 of the Code of Criminal Procedure.

By the provisions of section 1172 of the Greater New York Charter, a violation of the Sanitary Code is declared to be a misdemeanor. It is not claimed that it would have been the duty of the magistrate to hold an examination if he were to try the relator, as would have been his duty had not the counsel for the board of health requested that the trial be transferred to the Court of Special Sessions; but it is insisted that, since by the request of the board of health to send the case to the Court of Special Sessions pursuant to section 95 of the Inferior Courts Act the magistrate was ousted of jurisdiction to try the relator, the relator could not be held to answer in the other court without a preliminary examination if he requested it as he did. It is not argued that it was not competent for the legislature to authorize the magistrate to hold the relator without examination to answer the charge in the Court of Special Sessions. The contention is that it was not so provided by statute. Section 95 of the Inferior Courts Act (chapter 659 of the Laws of 1910) provides, among other things, that a magistrate may, on complaint of a violation of the Sanitary Code " as in any other case of criminal offense," by warrant require the arrest of the person accused, and after arrest may, on " sufficient notice " to the department of health, proceed " summarily to try such person for such alleged offense." It is, however, further provided in said section that upon application in behalf of the department of health made " before the trial is commenced, the trial of such person, together with the papers, shall be remitted to the Court of Special Sessions;" and by said section jurisdiction is expressly conferred on Courts of Special Sessions to try each person on the charge, subject to the right of the accused, " as it may now exist," to demand a jury trial.

The learned counsel for the relator contends that the provi-

sions of section 221 of the Code of Criminal Procedure apply to cases where a person is arrested pursuant to the provisions of section 95 of the Inferior Courts Act for a violation of the Sanitary Code and is brought before a magistrate and the department of health requests that the trial be had in the Court of Special Sessions, and that it is therefore the duty of the magistrate on holding the accused to answer in the Court of Special Sessions in such case, as for other crimes, excepting the crime of libel, to return the warrant and depositions and statement of the defendant " if he have made one," and all undertakings of bail or for the appearance of witnesses taken by him, to the district attorney, and that the crime must then be prosecuted in the Court of Special Sessions by an information made by the district attorney as required by section 742 of said Code. On that theory it is contended in behalf of appellant that the decisions of this court in People v. Spier, 120 App. Div. 786, 105 N. Y. Supp. 741, and of the Court of Appeals in People v. Dillon, 197 N. Y. 254, 90 N. E. 820, 18 Ann. Cas. 552, require a preliminary examination by a magistrate before he is authorized to issue a commitment. It is manifest that, if the provisions of the Code of Criminal Procedure with respect to an examination after arrest are applicable, then the magistrate is not required in all such cases to transfer the trial to the Court of Special Sessions or to hold the accused for trial before the court, but *only* where he is satisfied from the evidence adduced on such examination that a crime has been committed and that there is reasonable and probable ground for believing that it was committed by the accused.

The Inferior Courts Act, although but a re-enactment of existing law, is a later enactment than the sections of the Code of Criminal Procedure providing for an examination before a magistrate, upon which counsel for the relator relies; and section 95 thereof expressly provides that both the *trial and the papers* in such case " shall be remitted to the Court of Special

Sessions " on the request of the department of health to have the trial in that court. If the legislature intended that the papers should be remitted to the district attorney, and that the prosecution in the Court of Special Sessions should be by information filed by him, it is a reasonable inference that it would have so provided. It is quite evident from the fact that the legislature commanded that the trial should be had *summarily* before the magistrate, unless the department of health requested that it be had in the Court of Special Sessions, that it was intended that the trial for such offenses *wherever* had should be had summarily. The command of the legislature that the trial and the papers on such request being made should be remitted to the Court of Special Sessions indicates that it was intended that the trial should be taken up and summarily had in the Court of Special Sessions, as it would have been before the magistrate had the request for the transfer not been made.

It is true that the legislature has not expressly provided in the Inferior Courts Act for admitting the accused to bail in such cases, or for a commitment, either to answer before the magistrate, or before the Court of Special Sessions. The legislature has, however, provided that after being arrested the accused cannot be tried until after reasonable notice to the board of health, to enable it to demand that the trial be transferred to the Court of Special Sessions and evidently, to enable it to present the evidence to sustain the prosecution, wherever the trial be had. The offense is bailable; and it would not be a reasonable construction of the statute to hold that it was intended that the accused should be held in custody or confinement without bail to await the arrival of a representative of the department of health, or the lapse of a reasonable time after notice to said department, or should the trial not be concluded at one session, or should it become necessary to adjourn it. It was contemplated by the legislature, I think, that the other statutory provisions requiring admission to bail and commit-

ment pending examination to answer a criminal charge, either before the magistrate or in another court, should be applicable to the extent of authorizing the magistrate to admit the accused to bail, and to commit the accused pending trial before him, or to answer in the Court of Special Sessions, according to circumstances. The legislature, by omitting in this statute to make express provisions for the *transfer* of the accused to the Court of Special Sessions, must have contemplated that the accused might be admitted to bail for his appearance in the Court of Special Sessions or be held in custody; and since the warrant could only provide for his being brought before the magistrate, orderly procedure required that a commitment be issued when it become necessary to transfer the trial to the Court of Special Sessions. That was done in the case at bar, and, without approving the form, we are of opinion that the magistrate was authorized to issue it. We are of opinion, therefore, that the procedure followed in the case at bar was in conformity with the law, and that the order dismissing the writ and remanding the relator was proper.

The learned assistant district attorney contends broadly that, in no case in the county of New York, where a magistrate holds a person charged with crime to answer in the Court of Special Sessions, is an examination before the magistrate after arrest authorized, and that such an examination is only required in said county, as is the rule in other parts of the state, when the accused is held to answer in another court by indictment; and the brief in support of that contention shows careful research and analysis of the statutes and authorities. The point presented for decision on this appeal does not require a decision of the question in the broader aspect urged by the learned assistant district attorney, and it cannot now be decided, although we recognize the industry and ability with which it has been briefed and the importance of the question.

The order should be affirmed. All concur.

# NOTE ON PRELIMINARY PROCEEDINGS.

(See note on Sufficiency of Information, Vol. 11, p. 376.)

GENERALLY.

In England there were four modes of prosecuting criminal pleas—presentment, indictment, information, and appeal. Likewise in Connecticut there are four modes, one of which is by complaint or presentment by a grand jury, which is statutory. In that State prosecutions before a single magistrate have long been known by the name of complaints, which term is used in the statutes with reference to accusation not made by a grand jury or the State's attorney, but by a private person. Goddard v. State, 12 Conn. 448.

The term "complaint" is technical, and is descriptive of proceedings before magistrates. Commonwealth v. Davis, 11 Pick. (Mass.) 432.

Complaint defined as the preliminary charge or accusation against an offender, made by a private person or informer to a justice of the peace or other proper official, charging that the offender has violated the law. Webster's Dictionary, quoted in Godard v. State, 12 Conn. 448.

A judgment of conviction will be reversed where it appears that the magistrate who issued the warrant returnable before himself, was without jurisdiction, and, on such question being raised by the prisoner at the proper time and place, the magistrate ordered the constable to take the prisoner before another magistrate of the town in which the crime was committed. People v. McLaughlin, 57 App. Div. 454.

COMPLAINT, NECESSITY FOR.

No authority to issue a warrant, except upon written complaint or affidavit, verified by oath, showing that an offense has been committed and that there exists probable cause to believe that the accused committed the crime charged. State v. Wakefield, 60 Vt. 618.

The voluntary appearance of the accused and his plea of guilty held not to dispense with the formal written complaint. State v. Goetz, 65 Kan. 125.

The word "complaint," as used in statutes referring to criminal offenses, means the written charge or crime or the oral charge which is made to the magistrate and reduced to writing by him or by his clerk. Hobbs v. Hill, 157 Mass. 556.

As to affidavit made before complaint is reduced to writing, see People v. Bechtel, 80 Mich. 623.

Justice cannot hold an offender arrested on his own personal view without a written complaint. Tracy v. Williams, 4 Conn. 107.

But district attorney may present to grand jury without written complaint or affidavit. Annis v. People, 13 Mich. 511.

Where the examination of one arrested without warrant is adjourned and he is to be committed pending the examination, a proper information in writing must be filed with the magistrate to give him jurisdiction to issue the commitment. People ex rel. Farley v. Crane, 94 App. Div. 397.

Where the prisoner, arrested without warrant, is examined immediately before a magistrate, he may waive the filing of a formal written information. People ex rel. Farley v. Crane, 94 App. Div. 397.

Where a police officer arrests a person on suspicion, his affidavit that he had arrested the defendant " on suspicion of having committed the crime of grand larceny, as deponent verily believes, from the fact that A., cashier of the N. bank, * * * charges him with larceny of the sum of $20,000, the property of the bank, therefore deponent asks that defendant be held a reasonable length of time to enable deponent to produce further evidence " is not sufficient to warrant the commitment of defendant. People ex rel. Farley v. Crane, 94 App. Div. 397.

Where a person is arrested for disorderly conduct committed in the presence of a police officer, no formal information need be filed before the prisoner is arraigned. People ex rel. Smith v. Van De Carr, 86 App. Div. 9.

Before a party is placed on trial in a Court of Special Sessions or in a Police Court, he should be charged by an information, clear and definite, and the charge should be followed by a warrant specifically stating the crime alleged, and the fact that the defendant appears by counsel and does not object to trial on the ground that no information was filed or warrant issued will not amount to a waiver of the defect. People v. James, 11 App. Div. 609.

## SAME—BEFORE WHOM PRESENTED.

Should generally be made and verified before judge. People v. Nowak, 7 N. Y. Crim. 69.

Cannot be made before the clerk. People v. Colleton, 59 Mich. 573.

Or before a notary. People v. Nowak, 7 N. Y. Crim. 69.

Unless the statute permits. State v. Louver, 26 Nebr. 757.

In federal courts the oath must be taken before the judge, the clerk, or a United States commissioner.  U. S. v. Smith, 17 Fed. 510.

## SAME—WHO MAY PRESENT.

Either the one aggrieved, or any person having knowledge of the facts. Daniels v. State, 2 Tex. App. 353.

The authority of a peace officer or policeman to file a complaint on behalf of the commonwealth which he represents, under a statute, held to be strictly construed, and not to be extended.  Foster v. Clinton County, 51 Iowa, 541.

Affidavit of a convicted felon held valid, and held to confer jurisdiction, where such a person is not incompetent as a witness.  People v. Stokes, 24 N. Y. Supp. 727.

## SAME—REQUISITES AND SUFFICIENCY.

Section 278 Code Civ. Proc., providing that an indictment must charge but one crime, has no application to an information, before a Court of Special Sessions.  People v. Polhamus, 8 App. Div. 133.

A complaint on information and belief confers no jurisdiction upon a magistrate to issue a warrant or to hold an examination of the charge. People ex rel. Levy v. Preston, 44 Misc. 267.

A magistrate must have testimony before him, amounting to legal evidence, that a crime has been committed before he can issue a warrant. People ex rel. Jacobs v. McGirr, 39 Misc. 471.

Where a defendant, arrested without warrant and brought before a justice of the peace on a charge of which the justice has jurisdiction, pleads guilty, it is not necessary to make and file a written information or to issue a warrant.  People v. Burns, 19 Misc. 680.

The same strictness is not required in an information as on an indictment; if it be made to show facts setting forth the crime, it is sufficient. In re O'Neill, 69 N. Y. Supp. 617.

Under sec. 188 Code Crim. Proc., a prisoner is entitled to know the name of his accuser and where the arrest is made on a warrant obtained upon an information filed, he is entitled to examine the complaint.  It is the duty of the magistrate or his clerk to exhibit the complaint to the prisoner's attorney on demand.  People ex rel. Steinhardt v. Fuller, 68 Supp. 742.

Does not require the same certainty in the statement of the crime as an information, indictment, or complaint, upon which the accused is to be tried, but it is held to be sufficient if the crime be stated in substance. Kraushopf v. Tallman, 38 App. Div. 273.

Need not be in writing, unless so required by statute. People v. Hicks, 15 Barb. 153.

As to requirement of written complaint in case of proceedings to compel. a party to enter into a recognizance to keep the peace, see Bradstreet v. Furgeson, 23 Wend. 638.

Where a verification is not required by statute, it is nevertheless implied that a complaint must be under oath, and this may fairly be understood as a part of the technical meaning of the word "complaint" where it is used in a statute providing for criminal prosecutions. Campbell v. Thompson, 16 Me. 117.

Must state facts of complainant's positive knowledge, and if stated upon hearsay or upon information and belief, warrant cannot issue, and if accused has been arrested he should be discharged. In re Blum, 9 Misc. 571.

Must state the essentials of the crime charged, together with such circumstances as will enable a person of average intelligence to understand the nature of the charge made against him. People v. Tuthill, 79 App. Div. 24.

While allegations made in the language of the statute are safe, it is usually advisable to state the facts which constitute the alleged offense. People v. Pillion, 78 Hun, 74.

Ought to state venue, but usually the statement thereof in the caption will be sufficient. People v. Hannan, 92 Hun, 476.

Omission of essential allegations cannot be cured by amendment on the examination. People v. Olmsted, 74 Hun, 323.


WARRANT—NECESSITY FOR.

Defendant may be tried without a warrant. People v. Webster, 75 Hun, 278.

Unless warrant or sworn complaint is by statute required to confer jurisdiction. People v. Howard, 13 Misc. 763.

Magistrate who sees offense committed, or has reasonable ground to believe that one is about to be committed in his presence, may order offender's arrest without a warrant. Farrell v. Warren, 3 Wend. 253.

Where the statute merely requires the examination of the complainant under oath by the justice to authorize the issuance of a warrant, a complaint sworn to before the justice is sufficient, but otherwise where the statute provides that when an information is laid before a magistrate he must examine the complainant and his witnesses under oath. People v. Nowak, 7 N. Y. Crim. 69.

An application for a warrant is not "holding court" within the provisions of the Code of Civil Procedure (section 5) which provides for the sitting of courts in public, and therefore the justice may examine the witnesses on such applications in private. People v. Cornell, 6 Misc. 568.

No warrant should be issued which is based on hearsay, upon information and belief, or upon evidence which is so insufficient and unsatisfactory in its nature, that it does not show probable cause. McElvey v. Marsh, 63 App. Div. 396.

## SAME—REQUISITES AND SUFFICIENCY.

Should contain recitals showing authority for its issuance, as that a complaint or affidavit has been made, unless this is rendered unnecessary by statute. Bissell v. Gold, 1 Wend. 210.

Must direct the apprehension of the accused, and not merely authorize it. Abbott v. Booth, 51 Barb. 546.

Where it is to be executed by an officer, it must be directed to a proper officer by name, or to a proper class of officers by the description of their office. Abbott v. Booth, 51 Barb. 546.

Must specifically and correctly name the person to be apprehended, giving his Christian name, or if his name is unknown, then it must so state, and must further so describe him as that he may therefrom be identified. Griswold v. Sedgwick, 6 Cow. 456.

The arrest of a person by a wrong name cannot be justified although he was the person intended, unless it be shown that he was known by one name as well as by the other. Mead v. Haws, 7 Cow. 332.

Use of fictitious name expressly authorized by statute where real name is unknown. People v. City Prison, 37 Misc. 676.

Omission of a seal renders a warrant invalid, unless authorized to issue without seal. Beekman v. Traver, 20 Wend. 67.

Must state shortly the offense for which the arrest is to be made, or recite the substance of the accusation, and must show an offense for which an arrest may lawfully be made. People v. Mead, 92 N. Y. 415.

Sufficient if it describes crime charged with enough precision to inform the defendant, assuming that he is of ordinary intelligence, of the nature of the charge he will be obliged to meet. Krauskopf v. Tallman, 38 App. Div. 273.

Warrant of justice of one county must be indorsed by justice of another county before it can be executed in that county. Butolph v. Blust, 41 How. Pr. 481.

If issued by police justice of a village, it may be executed anywhere in the county, although beyond the limits of the village. Orleans v. Winchester, 18 Supp. 668.

Clerical errors, erroneous omissions, insertions of words, or other defects in warrant held not to render it invalid, if they are immaterial and cannot prejudice or mislead the defendant. Payne v. Barnes, 5 Barb. 465.

General appearance and plea held waiver of all objections to matters of form in the warrant, and such objections should be made by a plea in abatement in the court to which the warrant is returnable. Day v. Wilber, 2 Cai. 134.

A mistake in a warrant committing a person to jail for failing to comply with an order of filiation, consisting in the use therein of the words "Court of Sessions" instead of "County Court" does not actually prejudice, or tend to prejudice, the prisoner in respect to a substantial right, and may be regarded under Code Crim. Proc., sec. 684. The defect, if any, is cured by a warrant subsequently issued by the committing magistrates, in all respects the same as the original except that the words "County Court" are substituted for the words "Court of Sessions" in each instance where the latter was used in the original warrant. People ex rel. Smith v. McFarline, 50 App. Div. 95.

Where a warrant directs an officer to arrest "John Doe, the name Doe being fictitious, true name unknown, but whom deponent can identify," the fact that it did not state that the name "John" was also fictitious does not warrant the discharge of the person arrested, whose name was David Friedman. People ex rel. Friedman v. The Warden, 37 Misc. 676.

A warrant, otherwise good, may designate the defendant by a fictitious name where the information affords means of identifying him. People ex rel. Joseph v. Jerome, 34 Misc. 575.

COMMITMENT FOR EXAMINATION.

One accused of a crime which can only be tried in a federal court may be committed by a State court for such a time as is reasonably necessary to place him in federal custody. Ex parte Smith, 5 Cowen, 273.

Under a statute requiring a warrant to command the officer to whom it is directed to take the accused and bring him before the magistrate, a magistrate cannot order a person accused of crime to be committed until the subsequent day for examination without the accused being first brought before him. Pratt v. Hill, 16 Barb. 303.

PRELIMINARY EXAMINATION—GENERALLY.

Purely statutory, and compliance with the statute is necessary to confer jurisdiction. Matter of Gessner, 53 How. Pr. 515.

Not necessary where prosecuting attorney goes before the grand jury, and an indictment will not be dismissed because of failure to hold a preliminary examination. People v. Diamond, 72 App. Div. 281.

Where the coroner's inquest has all the force of a preliminary examination, the accused is nevertheless entitled to an examination before a justice, on the ground that the coroner is not entitled to take exculpatory evidence, and the accused had no right to cross-examine the witnesses before him. Matter of Ramscar, 63 How. Pr. 255.

An indictment of the accused while he is under arrest on a warrant based on an information laid before a justice, he cannot thereby be deprived of his right to have the examination then pending finished before the justice. People v. Drury, 2 Edmon. Sel. Cas. 351.

Waiver of right to preliminary examination will be implied from the fact that the defendant stipulated to appear on a future day and was then released on parol. Nowak v. Waller, 10 Supp. 199.

Or where he pleaded not guilty and submitted to be bound over without an examination. Devine v. People, 20 Hun, 98.

By waiving examination, defendant is thereby estopped from claiming a discharge because none was held. People v. Johnson, 46 Hun, 667.

A short adjournment to enable prosecution or accused to procure witnesses and evidence is not objectionable. Matter of Blair, 32 Misc. 175.

SAME—CONDUCT THEREOF.

Defendant has constitutional right to be represented by counsel. People v. Fuller, 68 Supp. 742.

But a conviction will not be quashed because defendant had no counsel at the preliminary hearing. Low v. People, 12 Wend. 344.

Semble, that in the absence of a constitutional or statutory provision, defendant is not entitled to be represented by counsel at his preliminary examination. People v. Johnson, 2 Wheeler Crim. 361.

As magistrate's courts are not courts of record, no written substitution of attorneys is required, and it is presumed that an attorney who appears for a prisoner has authority to represent him. People v. Fuller, 68 Supp. 742.

District attorney has right to appear and examine witnesses. People v. Grady, 66 Hun, 465.

But he is not bound to do so, unless so required by statute. People v. Grady, 66 Hun, 465.

Examination of defendant by magistrate without his consent is unwarranted by the principles of the common law, and contrary to the constitutional provision regarding the requiring of persons accused of crime to give evidence against themselves, and statements or confessions made by defendant in response to questions propounded by the justice are not competent evidence against him. People v. Hendrickson, 8 How. Pr. 404.

Commitment of evidence to writing required by statute. People v. Hines, 57 App. Div. 419.

Sufficient to authorize a commitment if it be shown that probable cause exists to belief that defendant committed the crime charged. People v. Crane, 80 App. Div. 202.

The sufficiency of the facts upon which the commitment is based is a question for the magistrate only. Matter of Blair, 32 Misc. 175.

Statute forbidding the conviction in a case of seduction or rape, upon the unsupported testimony of the prosecutrix, does not apply to a preliminary examination. In re Dempsey, 65 Supp. 117.

The public may be excluded. People v. Wyat, 39 Misc. 456.

Where a magistrate entertains an information or application for a warrant, he does not hold court within the meaning of the sections of the New York Code providing that the sittings of every court within the State

shall be public and every citizen may freely attend the same, and therefore he may exclude the public while examining witnesses on such an examination. People v. Cornell, 6 Misc. 568.

The statutes are mandatory in regard to the right of the accused to require that a hearing, once commenced, shall be continued to a final conclusion and disposition. Matter of Gessner, 53 How. Pr. 515.

The functions of the magistrate and his control over the accused cease when he takes his recognizance after a preliminary hearing and determination thereupon. Sandrock v. Knop, 34 How. Pr. 191.

A commitment by a magistrate need not show affirmatively upon proceedings under a writ of habeas corpus that the magistrate acquired jurisdiction of the relator under a warrant, as it will be presumed that he acquired jurisdiction lawfully. People ex rel. Edwards v. The Warden, 37 Misc. 639.

Where a person, arraigned in a Court of Special Sessions on the charge of assault and battery in the third degree, desires to avail himself of the provisions of Code Crim. Proc., secs. 57, 58, providing for trial or indictment, he must be allowed the statutory time of ten days in which to apply to the county judge for a certificate that it is reasonable that the charge should be prosecuted by indictment. People v. Barry, 16 App. Div. 462.

Although Part V Code Crim. Proc. does not expressly require that the testimony in a trial before a magistrate should be reduced to writing and preserved, the statute evidently intended to so prescribe. People v. Giles, 152 N. Y. 136.

Where the affidavit, upon which an appeal from an order of a magistrate adjudging the appellant guilty of disorderly conduct in failing to support his wife, and ordering him to pay a certain weekly amount for her support, was allowed, assigns error in that part of the order which fixes the amount of the allowance and the magistrate neglects to return the evidence, the appellate court will reverse the judgment and order a new trial before the magistrate. People ex rel. Commissioner v. Benson, 63 App. Div. 142.

A judgment of a magistrate is reversible, where he failed to reduce to writing the testimony upon which judgment was rendered. People v. Hines, 57 App. Div. 419.

A magistrate's failure to preserve the evidence upon a conviction for disorderly conduct so that it does not appear in the return on an appeal is reversible error. People v. Nash, 38 Misc. 283.

## ·SAME—WARRANT OF COMMITMENT.

Warrant of commitment should state that probable cause exists for holding defendant, supported by oath or affirmation. People v. Rhoner, 4 Park. Crim. 166.

Must always be directed to the officer or class of officers who are to execute it. Russell v. Hubbard, 6 Barb. 654.

Must be under seal. Gano v. Hall, 5 Park. Crim. 651.

Must describe offense plainly and fully, show that it is one upon which the defendant may be held, and must state time and place of the commission thereof. People v. Johnson, 110 N. Y. 134.

Not necessary that the offense be charged with all the certainty required in an indictment, but it is held sufficient if it be charged with reasonable or convenient certainty. People v. Johnson, 110 N. Y. 134.

Commitment for murder held not void because it did not contain the word "feloniously" where the felonious intent could be gathered from the context. People v. Collins, 11 Abb. Pr. 406.

Commitment by a police justice not void merely because through a clerical error it was dated 1885 instead of 1895. People v. Markell, 92 Hun, 286.

## POWER OF MAGISTRATE TO ACCEPT A DEPOSIT OF CASH IN LIEU OF BAIL.

A magistrate upon the adjournment of the examination of a person who has been arrested, must either release him on bail, or make out a formal commitment. People ex rel. Farley v. Crane, 94 App. Div. 397.

## FORM OF COMMITMENT AND REVIEW THEREOF.

Upon the return of a writ of habeas corpus sued by A and B, who were detained in custody by the warden of the City Prison of the city of New York, it appeared that the relators were detained by virtue of a commitment to await the action of the grand jury upon the charge of violation of sec. 351, Penal Code, held that the relators should be discharged; that the commitment did not sufficiently state the particular crime charged since sec. 351 enumerates several distinct offenses differently punishable. People ex rel. Allen v. Hagan, 170 N. Y. 46.

Where a justice of the peace has jurisdiction of the crime and person of the offender, any defect or irregularity in the warrant of arrest or preliminary deposition is waived by the voluntary appearance and plea of the defendant. Jones v. Foster, 43 App. Div. 33.

A demurrer does not lie to an original information laid before a magistrate in New York city which he returns to the Court of Special Sessions at which he holds the accused for trial inasmuch as he is not required to return such information. People v. Zabor, 44 Misc. 633.

A commitment for breach of the peace in threatening to commit a crime, which fails to fix the amount of security required to keep the peace and abide the next Court of Sessions is fatally defective. People ex rel. Day v. Reese, 24 Misc. 528.

## SUFFICIENCY OF EVIDENCE UPON COMMITMENT.

Where it is shown that four professional thieves unlawfully entered a building under suspicious circumstances they may be held for trial. People v. Corcoran, 34 Misc. 332.